1  MARY KATE SULLIVAN (State Bar No. 180203)
   mks@severson.com
2  KIMBERLY A. PAESE (State Bar No. 258594)
   kap@severson.com
3  SEVERSON & WERSON
   A Professional Corporation
4  One Embarcadero Center, Suite 2600
   San Francisco, California 94111
5  Telephone: (415) 398-3344
   Facsimile:  (415) 956-0439
6
   Attorneys for Defendants
7  GREEN TREE SERVICING, LLC and
   FEDERAL NATIONAL MORTGAGE
8  ASSOCIATION

9              **UNITED STATES DISTRICT COURT**

10         **NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION**

11

12 | PEDRO D. CEPEDA,                                | Case No. 5:13-cv-00388-PSG
   | HELGA R. CEPEDA,                                |
13 |                                                 | **NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**
   |              Plaintiffs,                        |
14 |                                                 |
   |     vs.                                         |
15 |                                                 | [Filed concurrently with Request for Judicial Notice in Support Thereof]
16 | FEDERAL NATIONAL MORTGAGE                       |
   | ASSOCIATION; GREEN TREE                         | Date:  March 12, 2013
17 | SERVICING, LLC; BANK OF AMERICA,                | Time:  10:00 a.m.
   | N.A.; NORTHWEST TRUSTEE SERVICES,               | Crtm.: 5, 4th Floor
18 | INC.; and all persons unknown claiming any      | Judge: Peter S. Grewal
   | legal or equitable right, title, estate, lien or|
19 | interest in the real property described in the  | Action Filed:  November 21, 2012
   | complaint adverse to Plaintiff's title, or interest| Trial Date:    None Set
20 | in said property; and DOES 1-100, inclusive,    |
   |                                                 | [Removed from California Superior Court, Monterey County, Case No. M120766]
21 |              Defendants.                        |

22

23

24

25

26

27

28

---

**PLEASE TAKE NOTICE** that the hearing on the motion by defendants Green Tree Servicing, LLC (hereinafter, "Green Tree") and Federal National Mortgage Association (hereinafter, "Fannie Mae") to dismiss the Complaint filed by plaintiffs Pedro D. Cepeda and Helga R. Cepeda (hereinafter, "Plaintiffs") will come on regularly for hearing on March 12, 2013, at 10:00 a.m., or as soon thereafter as may be heard, before the Honorable Peter S. Grewal in Courtroom 5 of the above-entitled court located at 280 South First Street, San Jose, California, 95113.

Green Tree and Fannie Mae move to dismiss the complaint, and each and every claim asserted therein, pursuant to Federal Rule of Civil Procedure 12(b)(6) on the ground that Plaintiffs fail to state any claim upon which relief may be granted, together with any additional grounds set forth in the accompanying memorandum of points and authorities.

The motion to dismiss is based on this notice of hearing, the supporting memorandum of points and authorities, all judicially noticed matters, all pleadings and papers on file in this action, on the reply, if any, that may be filed with the Court, and on any and such further oral and documentary evidence as may be presented at the hearing on this matter.

DATED: February 4, 2013         SEVERSON & WERSON
                                A Professional Corporation


                                By:      /s/ Kimberly A. Paese
                                         Mary Kate Sullivan
                                         Kimberly A. Paese

                                Attorneys for Defendants
                                GREEN TREE SERVICING, LLC and FEDERAL
                                NATIONAL MORTGAGE ASSOCIATION

19000.1457/2546438.1                       1
                                                    NOTICE OF MOTION AND MOTION TO DISMISS

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION .................................................................................................... 1

II. SUMMARY OF FACTUAL BACKGROUND AND ALLEGATIONS ............................ 2

III. LEGAL STANDARD ON MOTION TO DISMISS .................................................... 3

IV. LAW & ARGUMENT ............................................................................................. 4

    A. The Complaint Should Be Dismissed In Its Entirety Because Plaintiffs Fail To Plead A Claim To Set Aside The Trustee's Sale ................................................. 4

        1. The Complaint Should Be Dismissed Because Plaintiffs Do Not Allege Tender ................................................................................................... 4

        2. The Complaint Should Be Dismissed Because The Foreclosure Was Duly Conducted And Plaintiffs Fail To Plead Substantial Evidence Of Prejudicial Procedural Irregularity .......................................................... 5

            (a) The Non-Judicial Foreclosure Of The Property Was Conducted In Accordance With The Governing Statutory Scheme And The Terms Of The Deed Of Trust .............................. 6

            (b) Plaintiffs Do Not Allege Facts Sufficient To Establish Misconduct In Connection With The Duly Conducted Trustee's Sale ................................................................................... 7

    B. Plaintiffs Fail To State A Claim For Fraud (2nd Claim) ................................................. 9

    C. Plaintiffs Fail To State A Claim For Violation of California Civil Code Section 2923.5 (3rd Claim) ............................................................................................ 10

V. CONCLUSION ..................................................................................................... 11

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

Abdallah v. United Savs. Bank,
    43 Cal.App.4th 1101 (Ct.App.1996) .................................................................................... 5

Alcaraz v. Wachovia Mortgage FSB,
    592 F.Supp.2d 1296 (E.D. Cal. 2009) ................................................................................... 4

Arnolds Mgmt. Corp. v. Eischen,
    158 Cal.App.3d 575 (Ct.App.1984) ................................................................................. 4, 5

Ashcroft v. Iqbal,
    129 S.Ct. 1937 (2009) ........................................................................................................... 3

Assoc. Gen. Contractors of Calif., Inc. v. Calif. State Council of Carpenters,
    459 U.S. 519 (1983) .............................................................................................................. 4

FPCI RE–HAB 01 v. E & G Invs., Ltd.,
    207 Cal.App.3d 1018 (Ct.App.1989) .............................................................................. 4, 10

Glen Holly Entertainment, Inc. v. Tektronix, Inc.,
    100 F.Supp.2d 1086 (C.D. Cal. 1999) ................................................................................... 9

Harrington v. Home Capital Funding, Inc.,
    2009 WL 514254 (S.D. Cal. 2009) ....................................................................................... 6

I.E. Assocs. v. Safeco Title Ins.,
    39 Cal.3d 281 (1985) ............................................................................................................ 6

In re Gilead Sci. Sec. Litig.,
    536 F.3d 1049 (9th Cir. 2008) .............................................................................................. 3

Johnson v. Riverside Healthcare Sys.,
    534 F.3d 1116 (9th Cir. 2008) .............................................................................................. 3

Karlsen v. Am. Sav. & Loan Ass'n,
    15 Cal.App.3d 112 (Ct.App.1971) .................................................................................... 4, 5

Kokopelli Cmty. Workshop Corp. v. Select Portfolio Serv'g, Inc.,
    2011 WL 719489 (S.D. Cal. 2011) ..................................................................................... 11

Mabry v. Superior Court,
    185 Cal. App. 4th 208 (2010.) ............................................................................................. 10

Marceau v. Blackfeet Hous. Auth.,
    540 F.3d 916 (9th Cir. 2008) ................................................................................................ 3

*Melendrez v. D & I Investment, Inc.,*
   127 Cal.App.4th 1238 (2005)......................................................................................... 6

*Milne Employees Ass'n v. Sun Carriers,*
   960 F.2d 1401 (9th Cir.1991)......................................................................................... 10

*Moeller v. Lien,*
   25 Cal.App.4th 822 (1994)........................................................................................... 5, 6

*Morgera v. Countrywide Home Loans, Inc.,*
   2010 WL 160348 (E.D. Cal. 2010) ................................................................................ 6

*Morris v. BMW of N. Am., LLC,*
   2007 WL 3342612 (N.D. Cal. 2007).............................................................................. 10

*Navarro v. Block,*
   250 F.3d 729 (9th Cir. 2001)........................................................................................... 3

*Nguyen v. Calhoun,*
   105 Cal.App.4th 428 (2003)......................................................................................... 5, 6

*Nicewander v. MTC Financial, Inc,*
   2012 WL 1185943........................................................................................................... 5

*Pantoja v. Countrywide Home Loans, Inc.,*
   640 F.Supp.2d 1177 (N.D. Cal. 2009) ........................................................................... 4

*Parcray v. Shea Mortg., Inc.,*
   2010 WL 1659369 (E.D. Cal. 2010) .............................................................................. 7

*Saldate v. Wilshire Credit Corp.,*
   2010 WL 624445 (E.D. Cal. 2010) ................................................................................ 8

*Schreiber Distrib. Co. v. Serv-Well Furniture Co.,*
   806 F.2d 1393 (9th Cir. 1986)....................................................................................... 10

*Sprewell v. Golden State Warriors,*
   266 F.3d 979 (9th Cir. 2001)........................................................................................... 3

*Strike v. Trans-West Discount Corp.,*
   92 Cal.App.3d 735 (1979).............................................................................................. 7

*Swartz v. KPMG LLP,*
   476 F.3d 756 (9th Cir. 2007).......................................................................................... 9

*Toscano v. Greene Music*
   (2004) 124 Cal.App.4th 685 .......................................................................................... 9

*Vess v. Ciba-Geigy Corp. USA*
   317 F.3d 1097 (9th Cir. 2003)........................................................................................ 8

*Vignolo v. Miller*,
  120 F.3d 1075 (9th Cir. 1999) ............................................................................................. 3

*Warren v. Fox Family Worldwide, Inc.*,
  328 F.3d 1136 (9th Cir. 2003) ............................................................................................. 3

**STATUTES**

Cal. Civil Code
  § 2923.5 ........................................................................................................................ *passim*
  § 2924 .................................................................................................................................. 6, 7
  §§ 2924-§ 2924k ................................................................................................................. 6

Cal. Code of Civil Procedure
  § 761.020 ............................................................................................................................. 9

**RULES**

Federal Rules of Civil Procedure
  Rule 9 ........................................................................................................................... 8, 9, 10
  Rule 12 ................................................................................................................................. 3

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendants Green Tree Servicing, LLC (hereinafter, "Green Tree") and Federal National Mortgage Association (hereinafter, "Fannie Mae") hereby submit the following memorandum of points and authorities in support of their motion to dismiss the complaint filed by plaintiffs Pedro D. Cepeda and Helga R. Cepeda (hereinafter, "Plaintiffs") on November 21, 2012.

## I. INTRODUCTION

Plaintiffs undisputedly defaulted on the relevant refinance loan. As a result, a non-judicial foreclosure commenced. While the foreclosure was ongoing, Plaintiffs applied for a loan modification. However, Plaintiffs were denied a loan modification and were informed of the denial. Thereafter, the property proceeded to sale on the date set forth in the duly recorded notice of trustee's sale.

Upon the foregoing, Plaintiffs have filed the instant complaint to set aside the trustee's sale.[1] However, Plaintiffs fail to allege that they have tendered the outstanding debt to defendants. This failure is fatal to each claim and warrants dismissal of the entire complaint at the outset.

Even if the failure to allege tender did not doom Plaintiffs' claims (although it does), Plaintiffs fail to plead any actionable misconduct in the trustee's sale sufficient to set it aside. Accordingly, dismissal of the entire complaint is warranted.

Yet, to the extent the Court further endeavors to consider the substantive claims, it will find Plaintiffs fail to allege the essential elements and do so with the level of pleading required. Therefore, dismissal is appropriate.

Finally, and in addition to the forgoing bases for dismissal, the sale extinguished any right Plaintiffs may have had under section 2923.5 and thus their third claim should be dismissed.

Upon each of these independently dispositive defects, the Court should grant the instant motion to dismiss. Because Plaintiffs will be unable to cure their defects on amendment and

---

[1] Within their complaint, Plaintiffs allege claims for "rescission, injunction, and quiet title based upon promissory estoppel" (first claim), fraud (second claim), and violation of California Civil Code section 2923.5 (hereinafter, "section 2923.5"). However, by each of these claims Plaintiffs expressly seek to set aside the trustee's sale. (Compl., ¶¶ 19-20, 29-30, 39, Prayer for Relief 1.)

1 because they will be beholden to the admissions within this complaint, leave to amend should not
2 be granted.

## II. SUMMARY OF FACTUAL BACKGROUND AND ALLEGATIONS

On or about October 17, 2007, Plaintiffs obtained a refinance loan in the principal amount of $375,950.00 from defendant Bank of America, N.A. (hereinafter, "Subject Loan"). (Compl., ¶ 1; *see also* Deed of Trust recorded on November 15, 2007 in the official records of Monterey County as document number 2007086350 attached as Exhibit 1 to Request for Judicial Notice (hereinafter, "RJN").) The Subject Loan was secured by a deed of trust to the real property located at 487 Albert Way, Marina, California (hereinafter, "Property"). (*Id.*)

Plaintiffs do not dispute defaulting on the Subject Loan or allege they were otherwise current on their mortgage obligations at the commencement of the foreclosure. As a result of the undisputed default, Green Tree caused a notice of default to be recorded on March 19, 2012.[2] (*See* Notice of Default and Election to Sell recorded on March 19, 2012 in the official records of Monterey County as document number 2012016579 attached as Exhibit 3 to RJN.)

In relevant part, Plaintiffs allege that on May 21, 2012, they submitted "documentation" to Green Tree to facilitate a loan modification review. (Compl., ¶ 6; *see also* ¶ 5.) A notice of trustee's sale, setting the July 17, 2012 sale, was recorded a few weeks later, on June 14, 2012. (*See* Notice of Trustee's Sale recorded on June 14, 2012 in the official records of Monterey County as document number 2012034894 attached as Exhibit 4 to RJN.)

Plaintiffs allege that at some unidentified time thereafter, Green Tree requested "more documentation" from them. (Compl., ¶ 6.) Plaintiffs allege that they submitted the requested information on July 13, 2012,[3] but were definitively informed at that time that Green Tree

---

[2] The beneficial interest in the deed of trust and relevant promissory note was assigned from defendant Bank of America, N.A. to Green Tree on December 29, 2011. (*See* Assignment of Deed of Trust recorded on January 10, 2012 in the official records of Monterey County as document number 2012002145 attached as Exhibit 2 to RJN; *see also* Compl., ¶ 5.)

[3] Four days before the sale date set forth in the notice of trustee's sale. (RJN, Exh. 4, Compl., ¶¶ 6-7.)

had denied their request for a loan modification. (Compl., ¶ 7.)

The Property proceeded to sale on the noticed sale date of July 17, 2012. (*See* Trustee's Deed Upon Sale recorded on August 3, 2012 in the official records of Monterey County as document number 2012045026 attached as Exhibit 6 to RJN; *see also* Compl., ¶ 7.)

On August 3, 2013, the trustee recorded a trustee's deed upon sale granting the Property to Fannie Mae as the foreclosing beneficiary.[4] (RJN, Exh. 6.)

### III. LEGAL STANDARD ON MOTION TO DISMISS

Under Federal Rule of Civil Procedure 12(b)(6) (hereinafter, "Rule 12(b)(6)"), a claim may be dismissed because of a "failure to state a claim upon which relief can be granted." (Fed. R. Civ. P. 12(b)(6).) A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. (*Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).)

In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. (*Marceau v. Blackfeet Hous. Auth.*, 540 F.3d 916, 919 (9th Cir. 2008); *Vignolo v. Miller*, 120 F.3d 1075, 1077 (9th Cir. 1999).) Courts however, are not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." (*In re Gilead Sci. Sec. Litig.*, 536 F.3d 1049, 1056-57 (9th Cir. 2008); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).) Although they may provide the framework for a complaint, legal conclusions need not be accepted as true and "[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice." (*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009); *see also Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).) Furthermore, courts will not assume that plaintiffs "can prove facts which [they have] not

---

[4] The beneficial interest in the deed of trust and relevant promissory note was assigned from Green Tree to Fannie Mae on June 19, 2012. (*See* Assignment of Deed of Trust recorded on August 3, 2012 in the official records of Monterey County as document number 2012045025 attached as Exhibit 5 to RJN.)

alleged, or that the defendants have violated . . . laws in ways that have not been alleged." (*Assoc. Gen. Contractors of Calif., Inc. v. Calif. State Council of Carpenters*, 459 U.S. 519, 526 (1983).)

## IV. LAW & ARGUMENT

**A.    The Complaint Should Be Dismissed In Its Entirety Because Plaintiffs Fail To Plead A Claim To Set Aside The Trustee's Sale**

Plaintiffs caption three claims within their complaint, each of which expressly seeks to set aside the trustee's sale. By their first claim, captioned "rescission, injunction, and quiet title based upon promissory estoppel", their second claim for fraud, and their third claim for violation of section 2923.5, Plaintiffs seek to undo the July 17, 2012 trustee's sale of the Property. (Compl., ¶ 20, ¶ 30, ¶ 39.) As set forth below, each of these claims should be dismissed because Plaintiffs fail to allege their tender of the outstanding indebtedness of the Subject Loan. Even if this failure was not fatal (although it is), Plaintiffs fail to demonstrate any misconduct in connection with the trustee's sale.

**1.    The Complaint Should Be Dismissed Because Plaintiffs Do Not Allege Tender**

"Under California law, in an action to set aside a trustee's sale, a plaintiff must demonstrate that he has made a valid and viable tender [offer] of payment of the indebtedness." (*Pantoja v. Countrywide Home Loans, Inc.*, 640 F.Supp.2d 1177, 1183–84 (N.D. Cal. 2009) (citations and quotation marks omitted); *see also Alcaraz v. Wachovia Mortgage FSB*, 592 F.Supp.2d 1296, 1304 (E.D. Cal. 2009) (" 'A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust.' ") *citing Karlsen v. Am. Sav. & Loan Ass'n*, 15 Cal.App.3d 112 (Ct.App.1971).) A tender must be one of full performance and must also be unconditional. (*Arnolds Mgmt. Corp. v. Eischen*, 158 Cal.App.3d 575, 580 (Ct.App.1984).)

The California Court of Appeal has held that the tender rule applies in an action to set aside a trustee's sale for irregularities in the sale notice or procedure and has stated that "[t]he rationale behind the rule is that if plaintiffs could not have redeemed the property had the sale procedures been proper, any irregularities in the sale did not result in damages to the plaintiffs." (*FPCI RE–HAB 01 v. E & G Invs., Ltd.*, 207 Cal.App.3d 1018, 1021 (Ct.App.1989).)

Furthermore, a party must allege full tender "in order to maintain any cause of action for irregularity in the sale procedure." (*Abdallah v. United Savs. Bank,* 43 Cal.App.4th 1101, 1109, (Ct.App.1996); *see also Arnolds Mgmt. Corp.,* 158 Cal.App.3d at 579 ("A cause of action 'implicitly integrated' with the irregular sale fails unless the trustor can allege and establish a valid tender." (citation omitted)).)

Here, Plaintiffs have not alleged that they have tendered the full amount of the indebtedness. Absent an allegation that Plaintiffs have tendered $399,174.57 to defendants, they cannot proceed on any claim to set aside the trustee's sale. Therefore, each of their three claims should be dismissed. Indeed, even though here, each of Plaintiffs' three claims expressly seek to set aside the sale, even those claims that are only "implicitly integrated' with the irregular sale also fail[], unless the defaulting borrower can allege and establish a valid tender." (*Nicewander v. MTC Financial, Inc,.* 2012 WL 1185943, at * 3 *citing Karlsen, supra*, 15 Cal.App.3d at 117.) Because Plaintiffs have not tendered the amount of the outstanding debt on the Subject Loan—$399,174.57—they fail to state any actionable claim to set aside the July 17, 2012 trustee's sale. Thus, Plaintiffs' first, second, and third claims should each be dismissed. Unless Plaintiffs' demonstrate tender before the hearing on the instant motion, leave to amend should not be granted as it will be futile.

2.  **The Complaint Should Be Dismissed Because The Foreclosure Was Duly Conducted And Plaintiffs Fail To Plead Substantial Evidence Of Prejudicial Procedural Irregularity**

Even if Plaintiffs' claims did not fail for lack of tender (although they do), Plaintiffs nonetheless fail to state an actionable claim to set aside the sale. Documents of which the Court may take judicial notice show a properly conducted and valid sale. Furthermore, Plaintiffs do not allege the requisite prejudicial misconduct by defendants in connection with the trustee's sale.

A properly conducted nonjudicial foreclosure sale constitutes a final adjudication of the rights of the borrower and lender." (*Moeller v. Lien*, 25 Cal.App.4th 822, 831 (1994).) "As a general rule, a trustee's sale is complete upon acceptance of the final bid." (*Nguyen v. Calhoun*, 105 Cal.App.4th 428, 440–441 (2003).) "If the trustee's deed recites that all statutory notice requirements and procedures required by law for the conduct of the foreclosure have been

satisfied, a rebuttable presumption arises that the sale has been conducted regularly and properly." (*Moeller*, 25 Cal.App.4th at 831; citations omitted; *see also* Cal. Civ. Code § 2924.) The presumption that a nonjudicial foreclosure sale was conducted regularly and fairly "may only be rebutted by substantial evidence of prejudicial procedural irregularity." (*Melendrez v. D & I Investment, Inc.*, 127 Cal.App.4th 1238, 1258 (2005).)

Here, the trustee's deed upon sale provides the trustee complied "with all requirements of law". (*See* RJN, Exhibit 6, g. 2.) Thus, the presumption that the sale was conducted regularly and properly arises. (*Moeller, supra*, 25 Cal.App.4th at 831.)

### (a) The Non-Judicial Foreclosure Of The Property Was Conducted In Accordance With The Governing Statutory Scheme And The Terms Of The Deed Of Trust

California Civil Code sections 2924 through section 2924k (hereinafter collectively as "section 2924") provide a comprehensive framework governing nonjudicial foreclosure sales. (*Nguyen v. Calhoun, supra*, 105 Cal.App.4th at 440.) Section 2924 and the related provisions "'cover every aspect'" of the foreclosure process'" and are "'intended to be exhaustive.'" (*Morgera v. Countrywide Home Loans, Inc.*, 2010 WL 160348, at *7-8 (E.D. Cal. 2010).) "These provisions cover every aspect of exercise of the power of sale contained in a deed of trust." (*I.E. Assocs. v. Safeco Title Ins.*, 39 Cal.3d 281, 285 (1985).) Within this framework, non-judicial foreclosure proceedings can be instituted by the trustee, mortgagee, or beneficiary, or any of their authorized agents by filing a notice of default with the office of the recorder. (*Harrington v. Home Capital Funding, Inc.*, 2009 WL 514254, at * 4-5(S.D. Cal. 2009); Cal. Civ. Code § 2924(a)(1).) Thereafter, a notice of sale may be given by "the mortgagee, trustee, or other person authorized to take sale." (Cal. Civ. Code § 2924(a)(3).)

Here, documents of which the Court may take judicial notice illustrate that the foreclosure of the Property was conducted in accordance with the California nonjudicial foreclosure statutory scheme and pursuant to the terms of the deed of trust. Plaintiffs admit to signing the promissory note and do not contest their default. (Compl., ¶ 1.)

Given the undisputed default, pursuant to the terms of the promissory note and deed of trust, as well as subdivision (a)(1) of section 2924, the beneficiary was authorized to commence

foreclosure proceedings. (Cal. Civ. Code § 2924(a)(1).) Accordingly, on March 19, 2012, Green Tree caused a notice of default on the Subject Loan to be recorded.[5] (*See* RJN, Exhibit 3.) Plaintiffs do not allege any misconduct in connection with the notice of default.

Plaintiffs do not allege they cured, or attempted to cure, their default. Therefore, on June 14, 2012, again pursuant to the terms of the deed of trust, as well as section 2924, Northwest Trustee Services, Inc. caused a notice of trustee's sale of the Property to be recorded. (*See* RJN, Exhibit 4.) Plaintiffs do not allege any misconduct in connection with the notice of trustee's sale.

Plaintiffs do not allege they tendered the outstanding indebtedness on the Subject Loan or otherwise brought the loan current. Therefore, on July 17, 2012, the Property was sold at a trustee's sale to Fannie Mae. (*See* RJN, Exhibit 6.) A trustee's deed upon sale, reciting compliance with the governing statutory scheme, was recorded on August 31, 2012. (*Id.*)

For all the foregoing reasons, judicially noticeable documents demonstrate the non-judicial foreclosure of the Property was conducted in accordance with the terms of the deed of trust as well as governing California law.

        (b)    **Plaintiffs Do Not Allege Facts Sufficient To Establish Misconduct In Connection With The Duly Conducted Trustee's Sale**

Plaintiffs do not dispute their default. Plaintiffs do not allege misconduct in connection with the notice of default. Plaintiffs do not allege misconduct in connection with the notice of trustee's sale. Plaintiffs do not allege misconduct in connection with the actual trustee's sale. Indeed, Plaintiffs do not allege any defects or misconduct in any aspect of the non-judicial foreclosure or any other procedural irregularity.

///

---

[5] Although Bank of America, N.A. was the original beneficiary, an "assignee of [a] note and deed of trust acquire[s] [the] right to exercise power of sale." (*Strike v. Trans-West Discount Corp.*, 92 Cal.App.3d 735 (1979); *Parcray v. Shea Mortg., Inc.*, 2010 WL 1659369, at *11 (E.D. Cal. 2010) ["no requirement under California law for an assignment to be recorded in order for an assignee beneficiary to foreclose."]; *see also* RJN, Exhibits 2-3.)

Plaintiffs base their request to set aside the sale solely upon their contention that the sale occurred allegedly four days after they were informed of the modification denial.[6] (Compl., ¶¶ 7, 13, 25, 33.) However, such a claim is insufficient to sustain Plaintiff's burden of pleading misconduct sufficient to warrant setting aside the duly conducted sale. As set forth above, the sale proceeded on the date and time set forth in the operative notice of trustee's sale. (RJN, Exhibits 4, 6.) Thus, Plaintiffs had been on notice that the sale would go forward on July 17, 2012 since approximately June 14, 2012. (*Id.*) Although Plaintiffs loosely allege, in conclusory and insufficient fashion,[7] that unidentified representative(s) of Green Tree informed them at unidentified time(s) that there "would be no [t]rustee's [s]ale pending the loan modification process", Plaintiffs admit Green Tree informed them the loan modification process had been terminated prior to the sale. (Compl., ¶¶ 6-7.) Therefore, as a matter of law, there is no nexus between the alleged representation(s) by the unidentified representatives of Green Tree and the loss of the Property or any other damages. Thus, Plaintiffs cannot establish any reasonable or detrimental reliance.

Plaintiffs do not provide any legal authority to support their claims or contentions. There was no governing and applicable California law, and Plaintiffs point to none, that imposed a moratorium on a trustee's sale following the conclusion of Plaintiffs' loan modification review. Contrary to Plaintiffs' contentions, neither section 2923.5, nor any other portion of the non-judicial statutory scheme, required "[d]efendants to provide a 30 day notice to Plaintiffs upon declining [a] loan modification." (Compl., ¶ 33.)

///

---

[6] Notably absent from their complaint is an explanation as to why Plaintiffs allegedly waited until days before the noticed sale to submit the purportedly requested information.

[7] Plaintiffs are required to "allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." (*Saldate v. Wilshire Credit Corp.*, 2010 WL 624445 (E.D. Cal. 2010); *see also* Fed. R. Civ. Proc. 9(b).) The circumstances alleged must "be specific enough to give defendants notice of the particular misconduct... so that they can defend against the charge and not just deny that they have done anything wrong." (*Vess v. Ciba-Geigy Corp. USA* 317 F.3d 1097 (9th Cir. 2003) (internal citations omitted).)

For all the reasons set forth in this section, Plaintiffs fail to demonstrate any misconduct sufficient to set aside the trustee's sale. Accordingly, their first,[8] second, and third claims for relief—which each seek to set aside the sale—fail and should be dismissed.

**B.    Plaintiffs Fail To State A Claim For Fraud (2nd Claim)**

By their second claim for fraud, Plaintiffs seek to set aside the trustee's sale. (Compl., ¶¶ 29-30.) Accordingly, it should be dismissed for the reasons set forth in the preceding section. However, as yet another basis for dismissal, as detailed below, Plaintiffs fail to plead their fraud claim with the required level of particularity and/or state facts sufficient to establish the elements of the cause of action.

Fraud claims are subject to the particularity requirements of Federal Rule of Civil Procedure 9(b) (hereinafter, "Rule 9(b)"). (*Glen Holly Entertainment, Inc. v. Tektronix, Inc.*, 100 F.Supp.2d 1086, 1093 (C.D. Cal. 1999).) Under Rule 9(b), "… a party must state with particularity the circumstances constituting fraud…." (Fed. R. Civ. Proc. 9(b).) "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but "require[s] plaintiffs to differentiate their allegations when suing more than one defendant … and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." (*Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007).)

Here, each allegation pled in purported support of claim for fraud unacceptably refers to defendants as a group and therefore, dismissal is appropriate. (Compl., ¶¶ 23-26.) In addition to improperly grouping the defendants together, Plaintiffs fail to plead the circumstances surrounding the alleged representations with any particularity, let alone the heightened level required. To meet the standard of Rule 9(b), the complaint must allege "particular facts going to the circumstances of

---

[8] Plaintiffs style their first claim differently on the caption than they do within the body of the pleading. Further, therein the claim is oddly worded. As a result, it is not clear what/which/how many claims Plaintiffs intend to assert within their first cause of action. However, because the remedy sought (an order setting aside the trustee's sale) is clear, the first claim is definitively defective for the reasons addressed within this section. Nevertheless, Green Tree and Fannie Mae also note that Plaintiffs fail to state facts sufficient to establish the elements essential to a quiet title claim (Cal. Code Civ. Proc. § 761.020) and/or a promissory estoppel claim (*Toscano v. Greene Music* (2004) 124 Cal.App.4th 685, 692 (stating elements)).

the fraud, including time, place, persons, statements made and an explanation of how or why such statements are false or misleading." (*Morris, supra*, 2007 WL 3342612, at *3 (N.D. Cal. 2007) (citations omitted.); *see also Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986) (noting that under Rule 9(b) "the pleader must state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation.").) These plaintiffs do not plead any facts relating to who made the purported representation(s), when the representation(s) were made, and/or how any representation was communicated. Instead, Plaintiffs plead only conclusions of law and vague generalizations. (*See e.g.*, Compl., ¶ 23 ("all the promises and assurances"), Compl., ¶ 23 ("promises….were false and were stated with the intent to induce"), Compl., ¶ 26 ("as a result of the falsehoods and inducements").)

Furthermore, Plaintiffs fail to plead any misrepresentation by Green Tree and/or Fannie Mae, let alone facts to establish intent, justifiable reliance and/or resulting damage. (*See Milne Employees Ass'n v. Sun Carriers*, 960 F.2d 1401, 1408 (9th Cir.1991) (citations omitted) (stating elements for fraud under California law).) Indeed, they will be unable to for the reasons addressed previously in section IV(A)(2)(b).

For these reasons, and in addition to failures addressed in section IV(A), the second claim for fraud should be dismissed without leave to amend.

**C.     Plaintiffs Fail To State A Claim For Violation of California Civil Code Section 2923.5 (3rd Claim)**

Plaintiffs' third claim, which alleges a violation of section 2923.5, also seeks to set aside the trustee's sale and therefore dispositively fails for the reasons addressed herein in section IV(A). (Compl., ¶ 39.) However, this claim fails for an additional reason. The sale extinguished any right Plaintiffs may have had under section 2923.5. "[U]nder the plain language of section 2923.5, read in conjunction with [California Civil Code] section 2924g, the only remedy provided is a postponement of the sale before it happens." (*Mabry v. Superior Court*, 185 Cal. App. 4th 208, 235 (2010.)

///

Thus, any claim based on an alleged violation of section 2923.5 expired on the date of the foreclosure sale.[9] (*See Kokopelli Cmty. Workshop Corp. v. Select Portfolio Serv'g, Inc.*, 2011 WL 719489 (S.D. Cal. 2011).) Therefore, and additional to all those reasons previously stated, the third claim should be dismissed with prejudice.

## V.  CONCLUSION

Based on the foregoing, Green Tree and Fannie Mae respectfully request that the Court grant their motion to dismiss without leave to amend and with prejudice.

DATED:  February 4, 2013         SEVERSON & WERSON
                                 A Professional Corporation


                                 By:    /s/ Kimberly A. Paese
                                        Mary Kate Sullivan
                                        Kimberly A. Paese

                                 Attorneys for Defendants
                                 GREEN TREE SERVICING, LLC and FEDERAL
                                 NATIONAL MORTGAGE ASSOCIATION

---

[9] Although moot given the sale, Green Tree and Fannie Mae also note that Plaintiffs' allegations appear to indicate compliance with the statutory scheme prior to the recordation of the notice of default. (See Compl., ¶¶ 5-6, RJN, Exhibit 3.)