⏷ORIGINAL

1 | LAW OFFICE OF K. O. MAHAN
Kathleen O'Sullivan Mahan SBN 129374
2 | 215 W. Franklin Street, Fifth Floor
Monterey, CA 93940
3 | Tele: 831 333 0446
Fax: 831 333 0447
4 | kmahan@mahanlandlaw.com

# Filed

MAR 1 2 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

5 | Attorneys for: Pedro Cepeda and Helga Cepeda

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

PEDRO D. CEPEDA,
HELGA R.CEPEDA,

v.

FEDERAL NATIONAL MORTGAGE ASSOCIATION ; GREEN TREE SERVICING, LLC ; BANK OF AMERICA, N.A. ; NORTHWEST TRUSTEE SERVICES, INC. ; and all persons unknown claiming any legal or equitable right, title, estate, lien or interest in the real property described in the complaint adverse to Plaintiff's title, or interest in said property; and DOES 1-100, INCLUSIVE,

Defendants.

CASE NO. 5:13-CV-00388- PSG

OPPOSITION TO DEFENDANTS 12(b)(6) MOTION TO DISMISS PLAINTIFFS' COMPLAINT

[Removed from Monterey County Superior Court of California, Case No. M120766]

Case Filed: 11/21/12
Trial Date: NONE
Hrng. Date: March 12, 2013
Time: 10:00 a.m.
Crtrm: 5, 4th Floor
Judge: Hon. Peter S. Grewal

Plaintiffs, Pedro D. Cepeda and Helga R. Cepeda hereby oppose Defendants' 12(b)(6) motion against Plaintiffs' original complaint, as that complaint was superseded by a First Amended Complaint filed on January 2, 2013, as part of the ex parte papers filed that day, to

---

1  enjoin the unlawful detainer action, which was a companion case to this case. A true and correct

2  copy of the FAC is attached to Mahan's Declaration as Exhibit A. The Order Granting the TRO

3  on January 2, 2013, required that the parties be served with all papers by January 16, 2013.

4  Formal service was made on all parties with the Complaint, Summons and TRO, within the week

5  and all other papers were served by mail, prior to January 16, 2013, in conformance with the

6  order. On January 14, 2013, at the request of Green Tree Servicing, LLC, additional service was

7  made by email to Dawn.M.Dawsey@greentreecreditsolutions.com, to the corporate offices, to

8  Dawn M. Dawsey, Sr. Paralegal, Green Tree Servicing, LLC, 345 St. Peter Street, Suite 300, St.

9  Paul, MN 55102. True and correct copies of all emails are attached, as Exhibit B to Mahan's

10  declaration, as part of this opposition,

11       On January 25, 2013, Kimberly Paese contacted plaintiffs' counsel's office, advised

12  Mahan that they were representing FNMA and Green Tree and provided her email address.

13  Mahan responded by emailing Ms. Paese and advising her of the service of process of all

14  documents including the documents emailed to Dawn M. Dawsey. Mahan then requested

15  confirmation that Ms. Paese had received all papers and whether or not they would be opposing

16  the OSC re: preliminary injunction. Ms. Paese confirmed that she had received "all relevant

17  pleadings." Copies of those emails are attached as Exhibit C to Mahan's Declaration.

18       Because the FAC was filed and served prior to removal of this case from state court and

19  prior to the Defendants' filing of the Motion to Dismiss the Complaint, the motion is moot. It

20  has no effect upon the FAC and it appears that Defendants are currently in default for failure to

21  appear on the FAC in a timely manner. Therefore the Defendants' motion should be denied.

22  Dated: March 8, 2013                    Law Office of K O Mahan

23

24                                         By_____

25                                         Kathleen Mahan, Esq., Attorney for Plaintiffs
                                           PEDRO D. CEPEDA and HELGA R.CEPEDA

26

27

28

---

*Cepeda v. FNMA*
Consent to US Magistrate Judge

# DECLARATION OF KATHLEEN MAHAN

I, KATHLEEN MAHAN, as the attorney for the Plaintiffs make the following declaration based upon my own personal knowledge.

1. Attached to this declaration, as Exhibit A, is a true and correct copy of the FAC which was filed on January 2, 2013, as part of the ex parte papers for a TRO on the companion unlawful detainer case. In conformance with the Order granting the TRO on the unlawful detainer case, in addition to formal service of the summons and original complaint, I served the FAC and other ex parte papers by mail and email, prior to January 16, 2013, after having obtained jurisdiction over FNMA, Green Tree Servicing, LLC, Northwest Trustee Services, and Bank of America.

2. Attached to this declaration, as Exhibit B are true and correct copies of emails between Dawn M. Dawsey of Green Tree Servicing, corporate offices and me in which I emailed a copy of all ex parte documents including the FAC, as a courtesy, in addition to formal service of the complaint and summons.

3. Attached to this declaration, as Exhibit C are true and correct copies of emails between Kimberly Paese and me in which I provided information regarding service of all documents and emails of documents to Ms. Dawsey and I further requested and received confirmation from Ms. Paese regarding the fact that she had received all necessary documents.

I declare under penalty of perjury under the laws of the state of California and the United States of America, that the foregoing is true and correct. Executed this 8th day of March, 2013, in Monterey, CA.

Kathleen Mahan

Ex A

1  LAW OFFICE OF K. O. MAHAN
   Kathleen O'Sullivan Mahan SBN 129374
2  215 W. Franklin Street, Fifth Floor
   Monterey, CA 93940
3  Tele: 831 333 0446
   Fax:  831 333 0447
4  kmahan@mahanlandlaw.com

5  Attorneys for: Pedro Cepeda and Helga Cepeda

6

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9

10             **COUNTY OF MONTEREY, MONTEREY DIVISION**

11
   PEDRO D. CEPEDA,                        CASE NO. M120766
12 HELGA R.CEPEDA,

13                                          FIRST AMENDED COMPLAINT
                  Plaintiffs,               FOR INJUNCTIVE RELIEF, DAMAGES,
14                                          RESCISSION and QUIET TITLE, Based on:
   v.                                       FRAUD; BAD FAITH BREACH OF CC§2923.5,
15                                          §2924i, HAMP GUIDELINES, UNLAWFUL
                                            FORECLOSURE; PROMISSORY ESTOPPEL;
16 FEDERAL NATIONAL MORTGAGE               AND CIVIL CONSPIRACY TO DEFRAUD
17 ASSOCIATION ; GREEN TREE
   SERVICING, LLC ; BANK OF AMERICA,
18 N.A. ; NORTHWEST TRUSTEE
   SERVICES, INC. ; and all persons unknown
19 claiming any legal or equitable right, title,
   estate, lien or interest in the real property
20 described in the complaint adverse to
   Plaintiff's title, or interest in said property;
21 and DOES 1-100, INCLUSIVE,
22
23                Defendants.
24

25    PRELIMINARY ALLEGATIONS

26 1.      Plaintiffs PEDRO D. CEPEDA and HELGA R.CEPEDA currently reside and have

27 resided for many years in Monterey County, California at the property commonly known as 487

28 Albert Way, Marina, CA; APN: 032-242-020; (the "subject property") and until the recording of
   ---
   *Cepeda v. FNMA*
   FIRST AMENDED COMPLAINT
                                    1  -



an unlawful and invalid Trustee's Deed Upon Sale on August 3, 2012, Plaintiffs were the owners

of the subject property, subject to a Deed of Trust Recorded as Instrument No. 2007086350. The

subject property is more particularly described in the following legal description as:

> "LOT 20, IN BLOCK 4, AS SHOWN ON THE MAP ENTITLED, 'TRACT
> NO. 380, SUN TERRACE', ETC., FILED JANUARY 10, 1961 IN THE OFFICE
> OF THE COUNTY RECORDER OF TH COUNTY OF MONTEREY, STATE
> OF CALIFORNIA, AND NOW ON FILE IN SAID OFFICE IN MAP BOOK
> SEVEN, 'CITIES AND TOWNS', AT PAGE 30 THEREIN."

1. Plaintiffs are informed, believe and thereon allege that DEFENDANT FEDERAL

NATIONAL MORTGAGE ASSOCIATION, ("FNMA") is a federally chartered, publicly traded

company, with its principle offices located at 3900 Wisconsin Avenue, NW Washington, D.C.

and currently holds title to the subject property. Defendant FNMA submitted to this jurisdiction

by filing an Unlawful Detainer action against Plaintiffs Cepeda as Monterey Superior Court Case

Number M119579; and claimed therein to be authorized to do business in California.

2. Plaintiffs are informed, believe and thereon allege that DEFENDANT GREEN TREE

SERVICING, LLC, (Green Tree) is a Delaware Limited Liability Company authorized to do

business and doing business in California as a loan servicer providing loan modifications and

was assigned the Deed of Trust on the subject property by a Corporation Assignment of Deed of

Trust recorded on January 10, 2012, as Instrument No. 2012002145, for the alleged purposes of

processing a loan modification for Plaintiffs.

3. Plaintiffs are informed, believe and thereon allege that DEFENDANT BANK OF

AMERICA, N.A., is a nationally chartered banking institution and the original mortgage broker

on the negatively amortized, ARM, with a balloon payment secured by the subject Deed of Trust

and said Defendant solicited Plaintiffs for such a loan as a predatory lender, without disclosing

the true nature of the loan.

4. Plaintiffs are informed, believe and thereon allege that DEFENDANT NORTHWEST

TRUSTEE SERVICES, INC. is a Washington State corporation, authorized to do business in

California and doing business as a foreclosure trustee for Green Tree and did in fact proceed with

1 │ dual tracking and foreclosure on the subject property, while Green Tree appeared to be

2 │ processing the Plaintiffs' loan modification.

3 │     5.    During 2011, when the rates and payments changed on the subject loan, Plaintiffs sought

4 │ a loan modification through Defendant Bank of America. All documents required had been

5 │ submitted to Bank of America and the loan modification was in process, when, on January 10,

6 │ 2012, Defendant Bank of America assigned and caused to be recorded, the assignment of the

7 │ Deed of Trust to Defendant Green Tree. Bank of America advised Plaintiff that the loan

8 │ modification process would need to be restarted with Defendant Green Tree.

9 │     6.    At Green Tree's request, Plaintiffs began the process of resubmitting the documentation;

10 │ however Green Tree demanded new and updated information for 2012, including income tax

11 │ returns, which required additional time to prepare. During this time Green Tree repeatedly

12 │ advised the Plaintiffs that there would be no Trustee's Sale pending the loan modification

13 │ process. By May 21, 2012 all documentation had been gathered, created and submitted. After

14 │ several months of review, Green Tree then demanded more documentation which Plaintiffs

15 │ submitted on July 13, 2012.

16 │     7.    Unknown to Plaintiffs, Green Tree assigned the Deed of Trust to FNMA on June 19,

17 │ 2012 and was no longer the beneficiary. However, Northwest Trustee Services, Green Tree and

18 │ FNMA kept the assignment from being recorded until August 3, 2012.

19 │     8.    On July 13, 2012, when Green Tree was no longer the beneficiary, Green Tree confirmed

20 │ that it had received the documentation and denied the loan modification based upon the fact that

21 │ the documentation had been submitted too late. Northwest Trustee Services, Inc. then held the

22 │ Trustee Sale on July 17, 2012, just 4 days after denying the loan modification.

23 │     9.    On August 3, 2012, which was 17 days after the Trustee's Sale, Defendants Green Tree

24 │ Northwest Trustee Services and FNMA authorized and recorded the earlier Assignment of Deed

25 │ of Trust to FNMA as Instrument No. 2012045025 and immediately thereafter Defendant

26 │ Northwest Trustee Services, Inc. recorded the Trustee's Deed upon Sale as Instrument No.

27 │ 2012045026, which conveyed the subject property to FNMA.

28 │

---

*Cepeda v. FNMA*
FIRST AMENDED COMPLAINT

10. On September 5, 2012 FNMA filed an Unlawful Detainer action as Case No. M119579, wherein it claimed to have acquired the subject property at the Trustee's Sale on July 17, 2012.

## FIRST CAUSE OF ACTION
### (Rescission, Injunction and Quiet Title based upon Promissory Estoppel)

11. Plaintiffs reallege and incorporate, by reference paragraphs 1-10 hereinabove as though fully set forth herein.

12. Plaintiffs were advised by Defendants Bank of America and Green Tree that they would go forward with the loan modification in good faith and that a Trustee's Sale would not take place pending the loan modification process and that Plaintiffs needed to remain in default, in order to obtain the loan modification. At all times, Plaintiffs were financially capable of curing the default and bringing the loan current, but were told not to do so in order to obtain the loan modification.

13. Plaintiffs relied upon the promises made by the defendant banks and loan servicers, through its agents and representatives. In reliance upon those promises, Plaintiffs took the action requested by the bank, submitted the loan documents, continued with the loan modification, and did not file bankruptcy, cure the default, or take any other action as would be required to stop the Trustee's Sale and was only advised that Green Tree had denied the loan modification, when it was too late to cure the default, unless approved by the beneficiary. Plaintiff had no knowledge at that time, that FNMA was the true beneficiary.

14. Defendants denied the loan modification, after receiving all documents, just 4 days before the Trustee's Sale, which timeline prevented Plaintiffs from curing the default by bringing the loan current. Green Tree failed to provide the payoff amount, advise Plaintiffs of the real beneficiary, or agree to accept funds to cure the default.

15. As a result of the promises made by the bank and its representatives, Plaintiffs' reliance upon those promises and Plaintiffs' forbearance to cure the default or take any other action, until it was too late to do so, Plaintiffs lost title to their home.

---
Cepeda v. FNMA
FIRST AMENDED COMPLAINT

4 -

16. Following the Trustee's Sale, Defendant FNMA initiated an Unlawful Detainer action as case number M119579, and Plaintiffs demurred based upon their claim that FNMA lacks standing to sue, as it was not the beneficiary of record at the time of the Trustee's Sale and Plaintiffs claim that it was not a cash bidder; and, as a matter of law, was not entitled to be a "credit bidder" at the Sale.. The Court determined that this was an issue for trial and Plaintiffs proceeded with discovery requests on this issue in preparation for trial.

17.   Upon further motions in the Unlawful Detainer case, On December 31, 2012,  the Court relied upon the recent decision in *Haynes v. EMC Mortgage Corporation*, (2012 Slip Opinions). Which does not require the recordation of the assignment of the deed of trust, for that beneficiary under the assignment to have power of sale.

18. Trial is now set for January 7, 2012 in the unlawful detainer action.  The title issues are extensive on this case, due to the post Trustee Sale recordation of the assignment of the DOT, which did to give notice to Plaintiff prior to the Trustee's Sale, of who to contact to bring the loan current, cure the default and stop the sale.  For these reasons the proper jurisdiction for these title issues is in this Superior Court case and not in the Unlawful Detainer case.

19. Unless and until the Unlawful Detainer case is enjoined and consolidated with this case, the proper title issues cannot be addressed and plaintiff may lose possession of their home.

20. This real property, which is unique as a matter of law is especially unique to Plaintiffs, who have lived there many years, where they raised their children.

21. Plaintiffs seek to quiet title as of the date of the Trustee's Sale, and rescind the Trustee's Deed upon Sale which unlawfully conveyed title to FNMA.

22. Rescission of the Trustee's Deed upon Sale is essential; in order to remove this unlawful claim and cloud upon the title, caused from the unlawful Trustee's Sale and the resulting Trustee's Deed Upon Sale, recorded on August 3, 2012, as Instrument No. 2012045434.

23. In addition to the Rescission of the Trustee's Deed upon Sale, Plaintiffs seek a TRO and OSC re: Preliminary Injunction, to stop the Unlawful Detainer Action, while this case addresses all title issues.

---
*Cepeda v. FNMA*
FIRST AMENDED COMPLAINT

## SECOND CAUSE OF ACTION

### (Fraud-All Defendants)

24. Plaintiff realleges and incorporates, by reference paragraphs 1-23 hereinabove as though fully set forth herein.

25. Plaintiff is informed believes and thereon alleges that Defendants, through their agents, employees and assigns, made all the promises and assurances to Plaintiffs, during the loan modification process, as set forth hereinabove, in order to induce Plaintiffs to rely upon the promises and to take no other action, to stop the Trustee's Sale.  The promises were:

    a.   That Defendants would act in good faith and go forward with the loan modification;

    b.   That Defendants would abide by all Statutory Codes and HAMP regulations regarding loan modifications;

    c.   That Defendants would not go forward with the Trustee's Sale pending the loan modification

26. The promises made by Defendants were false and were stated with the intent to induce the Plaintiffs to not cure the default and stop the sale, so that Defendants could sell the property at the Trustee's Sale, and liquidate this asset, for profit.

27. Plaintiff is informed, believes, and thereon alleges that Defendants and each of them never intended to complete the loan modification for Plaintiffs.  Plaintiffs based this claim upon the following facts:

    a.   Defendant Green Tree intentionally denied the loan modification based upon a non substantive concept of "late delivery" of documents, after Defendants confirmed receipt of all necessary documents;

    b.   Defendants intentionally held the Trustee's Sale just 4 days later, which denied Plaintiffs statutory right to cure the default, which can occur at any time up to five (5) days before the sale;

*Cepeda v. FNMA*
FIRST AMENDED COMPLAINT

c.  Defendants intentionally hid from Plaintiffs and deceived Plaintiffs about who the actual beneficiary was, by not recording or provide Plaintiffs with notice of the assignment of the deed of trust to FNMA; and

d.  Defendants failed to provide the payoff amount or allow Plaintiffs to cure the default within the four day period before the sale.

28.  As a result of the falsehoods and inducements by the defendants and each of them, their intentional failure to abide by the Civil Code and HAMP regulations; the deceitful actions taken by defendants to foreclose the rights of Plaintiffs to cure the default; and the resulting sale, plaintiffs have lost title to their property and are in grave danger of losing possession and becoming homeless.

29.  Unless and until the Unlawful Detainer Action is enjoined, pending this action, Plaintiffs will not be able to properly address all title issues and wrongful actions arising from the Defendants blatant failure to process the loan modification in good faith and the deception of hiding the information about the true beneficiary and their intent to stop any possible curing of the default as set forth in paragraphs 26- 27 hereinabove.

30.  This real property, which is unique as a matter of law, is especially unique to Plaintiffs, who have lived there many years, where they raised their children.

31.  Plaintiffs seek to quiet title as of the date of the recordation of the Trustee's Deed upon Sale, and rescind the Trustee's Deed upon Sale which unlawfully conveyed title to Defendant FNMA.

32.  Rescission of the Trustee's Deed upon Sale is essential; in order to remove this unlawful claim and cloud upon the title, caused from the unlawful Trustee's Sale and the resulting Trustee's Deed Upon Sale, recorded on August 3, 2012, as Instrument No. 2012045026.

33.  In addition to the Rescission of the Trustee's Deed upon Sale, Plaintiffs seek a TRO and OSC re: Preliminary Injunction, to stop the UD action.

//

---
*Cepeda v. FNMA*
FIRST AMENDED COMPLAINT

- 7 -

**THIRD CAUSE OF ACTION**

**(Bad Faith Breach of CC§2923.5, 2924, and HAMP Guidelines- All Defendants)**

34.  Plaintiffs incorporate by reference, as though fully set forth herein below, the allegations set forth in paragraphs 1-33, herein above.

35.  The loan had a balloon payment and required proper notice under CC §2924i, before any foreclosure proceeding could be initiated.

36.  Plaintiffs are informed, believe and thereon allege that no proper notice under §2924i was given to Plaintiffs.

37.  The loan modification Plaintiffs were seeking was through HAMP.

38.  Under the HAMP program and under CC§ 2923.5, in the event of a denial of the loan modification program, Green Tree and FNMA were required to contact Plaintiff and notify them of the denial of the loan modification and allow Plaintiffs had 30 days to contact Green Tree and FNMA and discuss the reason for the non-approval and alternative loss mitigation options during which time a foreclosure/Trustee Sale cannot go forward.

39.  Plaintiffs are informed, believe and thereon allege that under Civil Code section 2923.5 the lender is required to ". . . contact the borrower in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure. During the initial contact, the mortgagee, beneficiary, or authorized agent shall advise the borrower that he or she has the right to request a subsequent meeting and, if requested, the mortgagee, beneficiary, or authorized agent shall schedule the meeting to occur within 14 days. The assessment of the borrower's financial situation and discussion of options may occur during the first contact, or at the subsequent meeting scheduled for that purpose. In either case, the borrower shall be provided the toll-free telephone number made available by the United States Department of Housing and Urban Development (HUD) to find a HUD-certified housing counseling agency. Any meeting may occur telephonically."

40.  Under CC§2923.5 and HAMP Defendants were required to provide a 30 day notice to Plaintiffs upon declining the loan modification to allow Plaintiffs to find other methods of avoiding foreclosure.  In this case, Plaintiffs are qualified to cure the default, and at all times

---

*Cepeda v. FNMA*
FIRST AMENDED COMPLAINT

1  were capable of curing the default, but were advised by Defendants that they needed to remain in

2  default in order to obtain the loan modification.

3      41.  Defendants did not in good faith, contact Plaintiffs (the borrower) and discuss in good

4  faith any aspect of the loan modification, did not advise them of the true beneficiary and did not

5  advise them of the steps to take to avoid foreclosure before recording the Notice of Default.

6      42.  Defendants, did not in good faith, allow Plaintiffs 30 days to cure the default or find

7  another method of avoiding foreclosure.

8      43.  Plaintiffs are informed, believe and thereon allege that Defendants failed to do so,

9  because Defendants intended for this property to be sold to FNMA, by a false and fraudulent

10  attempt to make FNMA appear as a credit bidder at the Trustee's Sale.

11      44.  As a result of Defendants failure to act in good faith and abide by the intent and purpose

12  as well as the letter of the law of CC§2923.5, §2924i, and the HAMP regulations, Plaintiffs have

13  lost title to their property in an unlawful foreclosure.

14      45.  Unless and until the UD action is enjoined pending this case, all title issues will not be

15  able to be addressed at the UD trial now scheduled for November 26, 2012.

16      46.  Plaintiffs seek to quiet title as of the date of the recordation of the Trustee's Deed upon

17  Sale which unlawfully conveyed title to FNMA.

18      47.  The actions taken by Defendants and all of them were so oppressive, fraudulent,

19  malicious and with the intent to unlawfully deprive Plaintiffs of their property that Defendant

20  should be punished and made to be an example, in order to deter Defendants from such actions in

21  the future, and therefore Plaintiff is entitled to punitive damages in an amount to be determined

22  at trial.

23                      **FOURTH CAUSE OF ACTION**

24              **Civil Conspiracy to Defraud – All Defendants**

25      48. Plaintiff realleges and incorporates, by reference paragraphs 1-44 hereinabove as though

26             fully set forth herein.

27

28

---
*Cepeda v. FNMA*
FIRST AMENDED COMPLAINT
                               9  –

49. Plaintiff is informed believes and thereon alleges that each and every Defendant through their agents, employees and assigns was acting in concert with the other defendant for the purpose of defrauding Plaintiffs and unlawfully acquiring the subject property.

50. Plaintiffs are informed believe and thereon allege that Northwest Trustee Services is in alliance with Routh, Crabtree and Olsen, PS, which is the same law firm that represents FNMA in the unlawful detainer action; and that at all times that Northwest Trustee Services was the Trustee on the subject Deed of Trust, Northwest Trustee Services was acting as the agent for FNMA, including prior to the assignment to FNMA.

51. Plaintiffs are informed, believe and thereon allege that Bank of America and Green Tree have a special alliance and relationship in which Green Tree acts as an agent for Bank of America and that prior to the assignment of the deed of trust from Bank of America to Green Tree, FNMA was the actual owner of the loan and holder of the promissory note.

52. Plaintiffs are informed, believe and thereon allege that at all times, through these representations and agencies, all defendants were working for the benefit of the other in concert with each other for the purpose of defrauding Plaintiffs and taking the subject property, through an unlawful foreclosure. In order to do so, each and every defendant conspired with the other to make this decision and achieve this goal.

53. In furtherance of the conspiracy, Defendants and each of them made all the promises and assurances to Plaintiffs, during the loan modification process, as set forth hereinabove, in order to induce Plaintiffs to rely upon the promises and to take no other action, to stop the Trustee's Sale.

54. The promises made by Defendants were false and were stated with the intent to induce the Plaintiffs to not cure the default and stop the sale, so that Defendants could sell the property at the Trustee's Sale, and liquidate this asset, for profit.

55. Plaintiff is informed, believes, and thereon alleges that Defendants and each of them never intended to complete the loan modification for Plaintiffs. In furtherance of this conspiracy to take the Plaintiffs property instead of providing a loan modification, Defendants took the following actions:

---

*Cepeda v. FNMA*
FIRST AMENDED COMPLAINT

a.   Defendant Green Tree intentionally denied the loan modification based upon the non-substantive claim that the late delivery of the documents, was sufficient to terminate the loan modification process;

b.   Defendants intentionally held the Trustee's Sale just 4 days later, which denied Plaintiffs statutory right to cure the default, which can occur at any time up to five (5) days before the sale;

c.   Defendants intentionally hid from Plaintiffs and deceived Plaintiffs about who the actual beneficiary was, by not recording or provide Plaintiffs with notice of the assignment of the deed of trust to FNMA;

d.   Defendants intentionally failed to provide the payoff amount or allow Plaintiffs to cure the default within the four day period before the sale; and

e.   Defendants intentionally failed to abide by the requirements of CC§2923.5, 2924i, and the HAMP regulations to assist Plaintiffs in avoiding foreclosure.

56.  As a result of the falsehoods and inducements by the defendants and each of them, the actions taken by defendants to foreclose the rights of Plaintiffs to cure the default as set forth above, and the resulting sale plaintiffs have lost title to their property and are in grave danger of losing possession and becoming homeless.

57.  Unless and until the Unlawful Detainer Action is enjoined, pending this action, Plaintiffs will not be able to properly address all title issues and wrongful actions arising from the Defendants blatant failure to process the loan modification in good faith and the deception of hiding the information about the true beneficiary and their intent to stop any possible curing of the default as set forth in paragraph 27 hereinabove.

58.  This real property, which is unique as a matter of law, is especially unique to Plaintiffs, who have lived there many years, where they raised their children.

59.  Plaintiffs seek to quiet title as of the date of the recordation of the Trustee's Deed upon Sale, and rescind the Trustee's Deed upon Sale which unlawfully conveyed title to Defendant FNMA.

---
*Cepeda v. FNMA*
FIRST AMENDED COMPLAINT

60. Rescission of the Trustee's Deed upon Sale is essential; in order to remove this unlawful claim and cloud upon the title, caused from the unlawful Trustee's Sale and the resulting Trustee's Deed Upon Sale, recorded on August 3, 2012, as Instrument No. 2012045026.

61. In addition to the Rescission of the Trustee's Deed upon Sale, Plaintiffs seek a TRO and OSC re: Preliminary Injunction, to stop the UD action.

62. The actions taken by Defendants and each of them were so oppressive, fraudulent, malicious and with the intent to unlawfully deprive Plaintiffs of their property that Defendants should be punished and made to be an example, in order to deter Defendants from such actions in the future, and therefore Plaintiff is entitled to punitive damages in an amount to be determined at trial.

WHEREFORE PLAINTIFFS PRAY FOR.

    1.  An injunction, enjoining the UD action pending resolution of this case;

    2.  Rescission of the Trustee's Deed upon Sale;

    3.  The right to cure the default as of the date of the Trustee's Sale;

    4.  General Damages, according to proof

    5.  Punitive Damages, according to proof;

    6.  Attorneys' fees and costs of suit; and

    7.  Any other costs as the court shall deem to be appropriate against the defendants.

DATED: December 31, 2012          LAW OFFICE OF K O MAHAN

By:_____
Kathleen Mahan, Attorney for
Plaintiffs, Pedro Cepeda and Helga Cepeda

**VERIFICATION**

I, KATHLEEN MAHAN am the attorney for the Plaintiffs in this action. My clients are not currently in the County where I have my office and in order to meet the time constraints on the motions before the court, I am executing the verification based on information and belief only. I have had the within First Amended Complaint. Based upon information given to me and my belief that the information is correct, I believe all of the facts contained in the FAC.

I declare under penalty of perjury, under the laws of the state of California that the foregoing is true and correct. Executed this 1st day of January, 2013 in Monterey, CA.

KATHLEEN MAHAN

Ex. B

|  |  |
|---|---|
| **From** | \<Dawn.M.Dawsey@greentreecreditsolutions.com> |
| **Subject:** | Re: Cepeda v. FNMA, Green Tree, etc et al. courtesy copies of complaint and ex parte pap |
| **Sent date:** | 01/14/2013 11:17:32 AM |
| **To** | "Kathleen O'Sullivan Mahan"\<kmahan@mahanlandlaw.com> |

Thank you, Kathleen.

I will be out of the office from February 8, 2013 through February 15, 2013. If you believe you will need assistance from me during that time frame, please let me know as soon as possible in order to avoid difficulties during my absence. Thank you.

Dawn M. Dawsey
Sr. Paralegal
Green Tree Servicing, LLC
345 St. Peter Street, Suite 300
St. Paul MN 55102
651-293-3663

From: "Kathleen O'Sullivan Mahan" \<kmahan@mahanlandlaw.com>
To: dawn.m.dawsey@gt-cs.com
Date: 01/14/2013 01:07 PM
Subject: Cepeda v. FNMA, Green Tree, etc et al. courtesy copies of complaint and ex parte papers

Dawn,

Attached are the basic documents in the case. I am sending you these copies in addition to the formal Service of Process of the documents. Currently Routh Crabtree, etc at 1241 E. Dyer Road, Suite 250, Santa Ana 92705 represents FNMA in the Unlawful Detainer action.

Please email any questions.
Kathleen Mahan

LAW OFFICE OF K O MAHAN
THE PROFESSIONAL BUILDING
215 W. FRANKLIN STREET
FIFTH FLOOR
MONTEREY, CA 93940
TELE: 831 333 0446
FAX: 831 333 0447
kmahan@mahanlandlaw.com [attachment "complaint file stamped.pdf" deleted by Dawn M Dawsey/SP/GT/GTFC] [attachment "ex parte app. 120766.pdf" deleted by

| | |
|---|---|
| **From** | "Kathleen O'Sullivan Mahan" <kmahan@mahanlandlaw.com> |
| **Subject** | Cepeda v. FNMA |
| **Sent date** | 01/14/2013 11:12:11 AM |
| **To** | <dawn.m.dawsey@gt-cs.com> |
| **Attachments** | FAC.pdf [ 216 KB ] |

Should have snet you the FAC.  It is attached.

LAW OFFICE OF K O MAHAN
THE PROFESSIONAL BUILDING
215 W. FRANKLIN STREET
FIFTH FLOOR
MONTEREY, CA 93940
TELE: 831 333 0446
FAX: 831 333 0447
kmahan@mahanlandlaw.com

| | |
|---|---|
| **From** | "Kathleen O'Sullivan Mahan" <kmahan@mahanlandlaw.com> |
| **Subject:** | Cepeda v. FNMA, Green Tree, etc et al. courtesy copies of complaint and ex parte papers |
| **Sent date:** | 01/14/2013 11:07:10 AM |
| **To:** | <dawn.m.dawsey@gt-cs.com> |
| **Attachments:** | 4 attachments - Download all attachments [ 4 MB ] |
| | complaint file stamped.pdf [ 3 MB ], ex parte app. 120766.pdf [ 142 KB ], Declaration re Notice in |
| | 120766.pdf [ 120 KB ], ORDER GRANTING TRO ON UD ACTION.pdf [ 502 KB ] |

Dawn,

Attached are the basic documents in the case.  I am sending you these copies in addition to the formal Service of Process of the documents.Currently Routh Crabtree, etc at 1241 E. Dyer Road, Suite 250, Santa Ana 92705 represents FNMA in the Unlawful Detainer action.

Please email any questions.
Kathleen Mahan

LAW OFFICE OF K O MAHAN
THE PROFESSIONAL BUILDING
215 W. FRANKLIN STREET
FIFTH FLOOR
MONTEREY, CA 93940
TELE: 831 333 0446
FAX: 831 333 0447
kmahan@mahanlandlaw.com



Ex C

Date: Fri, 25 Jan 2013 12:59:50 -0800
From: Kathleen O'Sullivan Mahan
Reply-To: Kathleen O'Sullivan Mahan
Subject: Cepeda v. FNMA, et al. ; OSC
To: kap@severson.com

Kimberly,

Thank you for advising me of your representation of Green Tree Servicing, LLC and FNMA.  In addition to service of process of the Complaint, Summons and OSC, all supplemental moving papers were served upon FNMA at its federal headquarters by mail and were emailed to Dawn M. Dawsey, with Green Tree at dawn.m.dawsey@gt-cs.com on January 14, 2013.  Please confirm that you have received all papers and advise me of whether or not you will be opposing the OSC.

Sincerely,
Kathleen Mahan

LAW OFFICE OF K O MAHAN
THE PROFESSIONAL BUILDING
215 W. FRANKLIN STREET
FIFTH FLOOR
MONTEREY, CA 93940
TELE: 831 333 0446
FAX: 831 333 0447
kmahan@mahanlandlaw.com


----- End forwarded message -----



3/8/2013 4:47 PM

| | |
|---|---|
| **From** | "Kimberly A. Paese" <kap@severson.com> |
| **Subject** | RE: Cepeda v. FNMA, et al. ; OSC |
| **Sent date** | 01/28/2013 10:02:17 AM |
| **To** | "Kathleen O'Sullivan Mahan'"<kmahan@mahanlandlaw.com> |

Hi Kathleen,

I received the email and voicemail messages that you left for me on Friday afternoon. We can confirm that we believe we have received all the relevant pleadings and that we will be responding to the OSC.

Thanks,

Kimberly A. Paese
Severson & Werson
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Direct: (415) 820-5115
Main: (415) 398-3344
Fax: (415) 956-0439

This transmission is intended only for the addressee and contains privileged and/or confidential information. If you are not the intended recipient, please do not use, disseminate, or copy this material. If you have received this transmission in error please notify us immediately by telephone at (415) 398-3344, return this transmission, and delete or destroy any copies (digital or paper). Thank you.

**From:** Kathleen O'Sullivan Mahan [mailto:kmahan@mahanlandlaw.com]
**Sent:** Monday, January 28, 2013 8:58 AM
**To:** Kimberly A. Paese
**Subject:** Fwd: Cepeda v. FNMA, et al. ; OSC

Kimberly,

I have emailed and telephoned your office and have received no response. Please advise me regarding your status on the OSC.

Sincerely,
Kathleen Mahan

LAW OFFICE OF K O MAHAN
THE PROFESSIONAL BUILDING
215 W. FRANKLIN STREET
FIFTH FLOOR
MONTEREY, CA 93940
TELE: 831 333 0446
FAX: 831 333 0447
kmahan@mahanlandlaw.com



----- Forwarded message from Kathleen O'Sullivan Mahan -----