UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PEDRO D. CEPEDA,<br>HELGA R. CEPEDA,<br><br>      Plaintiffs,<br>  v.<br><br>FEDERAL NATIONAL MORTGAGE ASSOCIATION; GREEN TREE SERVICING, LLC; BANK OF AMERICA, N.A.; NORTHWEST TRUSTEE SERVICES, INC.; and all persons unknown claiming any legal or equitable right, title, estate, lien or interest in the real property described in the complaint adverse to Plaintiff's title, or interest in said property; and DOES 1-100, inclusive,<br><br>      Defendants. | Case No.: 5:13-cv-00388-PSG<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS**<br><br>**(Re: Docket No. 8)** |

   Plaintiffs Pedro D. Cepeda and Helga R. Cepeda ("Plaintiffs") allege that the foreclosure on their home was unlawful. They seek to quiet title and to rescind the Trustee's Deed Upon Sale, and to obtain a temporary restraining order ("TRO"). Plaintiffs also seek a preliminary injunction to stop an unlawful detainer action filed in state court together with general damages and attorney's fees and costs.[1] Defendants FNMA and Green Tree Servicing ("Green Tree") move to dismiss

---

[1] *See* Docket No. 20 at 5 (Compl.).

1

Case No.: 13-388 PSG
**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

pursuant to Fed. R. Civ. P. 12(b)(6).[2] The parties appeared for a hearing on March 12, 2013. Having considered the arguments and evidence presented, the court DENIES Defendants' motion.

## I. BACKGROUND

Plaintiffs reside at the property commonly known as 487 Albert Way, Marina, CA, which has been their home for many years.[3] After struggling with their payments, Plaintiffs sought a loan modification on their mortgage in 2011 through Defendant Green Tree. On July 13, 2012, Green Tree denied the loan modification on the grounds that the Plaintiffs submitted their documentation too late.[4] Because Plaintiffs were in default, on July 17, 2012, Green Tree held a trustee sale, and on August 3, 2012, it recorded an assignment of the Deed of Trust to Defendant FNMA as Instrument No. 2012045026.[5]

On September 5, 2012, FNMA filed an unlawful detainer action in the Monterey County Superior Court. Plaintiffs demurred, and asserted that FNMA was not the beneficiary of record at the time of the sale, and therefore lacked standing to pursue the action. The court set a trial date for November 26, 2012.[6] While the unlawful detainer action was pending, Plaintiffs filed this suit on November 21, 2012, also in state court, and requested a TRO to prevent the unlawful detainer action from proceeding. The state court granted the TRO on January 2, 2013.[7] As part of the TRO request, Plaintiffs filed a first amended complaint ("FAC") on January 2, 2013.[8] Defendants then removed the case to federal court on January 28, 2013.[9]

---

[2] *See* Docket No. 8 (Defs.' Mot. To Dismiss Compl.).

[3] *See* Docket No. 20 at 5.

[4] *See id.* at 7.

[5] *See id.*

[6] *See id.* at 2.

[7] *See id.*

[8] *See id.* at 1.

[9] *See* Docket No. 1.

After removal, Defendants filed a motion to dismiss on February 4, 2013, in which they primarily argue that Plaintiffs fail to allege that they provided tender. Defendants deny any wrongdoing during the loan and foreclosure process, and they seek judicial notice of certain documents.[10] The deadline for Plaintiffs to oppose was February 19, 2013 but they filed no opposition by that date. Defendants filed a statement of non-opposition on February 21, 2013.[11]

Plaintiffs finally submitted an opposition to the court on March 8, 2013.[12] That opposition does not address the arguments made in Defendants' motion to dismiss but rather states that the motion should be dismissed because Defendants never responded to Plaintiffs' FAC, which was filed along with the TRO request in the state court. Plaintiffs contend that Defendants' motion is moot because it addresses the original complaint, rather than the FAC, and points to the TRO request and emails between the parties' counsel for support.[13]

Plaintiffs are correct that in the event an FAC is filed before removal to federal court, the new complaint, not the original complaint, is the operative pleading that the Defendants must address.[14] After filing their FAC with the TRO request in state court, Plaintiffs served the FAC to Defendants by mail and email on January 16, 2013.[15]

In their motion to dismiss, Defendants plainly refer to and respond to the original complaint filed on November 21, 2012,[16] even though as noted, when a complaint is properly amended, it

---

[10] *See* Docket No. 8.

[11] *See* Docket No. 12.

[12] *See* Docket No. 20.

[13] *See* Docket No. 20 at 2. Although the court need not address the arguments in the opposition because it was not filed in a timely manner, the belated opposition raises an important procedural issue.

[14] "[I]t is well-established that an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" *Valadez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011) (*quoting Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997)).

[15] *See* Docket No. 20 at 2.

[16] *See* Docket No. 8 at 1.

3
Case No.: 13-388 PSG
**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

supersedes the original complaint. Thus, the complaint which Defendants seek to dismiss is not operative. Defendants' motion to dismiss, therefore, is DENIED AS MOOT. Defendants are advised that, pursuant to Fed. R. Civ. P. 12(a)(4), the deadline to respond after a denial of a motion to dismiss is 14 days.

**IT IS SO ORDERED.**

Dated: April 2, 2013

_____
PAUL S. GREWAL
United States Magistrate Judge

Case No.: 13-388 PSG
**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**