UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PEDRO AND HELGA CEPEDA,<br><br>　　　　　　　Plaintiffs,<br>　　v.<br><br>FEDERAL NATIONAL MORTGAGE ASSOCIATION, et al,<br><br>　　　　　　　Defendants. | Case No.: 13-0388 PSG<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS**<br><br>**(Re: Docket Nos. 25, 33)** |

In this foreclosure-related action, Defendants Federal National Mortgage Association ("FNMA"), Green Tree Servicing, LLC ("Green Tree"), and Northwest Trustee Services, Inc. ("Northwest") (collectively "Defendants") jointly move to dismiss the complaint filed by Plaintiffs Pedro and Helga Cepeda ("Plaintiffs") pursuant to Fed. R. Civ. P. 12(b)(6). Bank of America, N.A. ("BANA"), also a defendant in this case, separately moves for dismissal under Rule 12(b)(6). Pursuant to Civil L.R. 7-1(b), the court found oral argument unnecessary to resolution of Defendants' motion but conducted a hearing for BANA's motion. Having reviewed the parties' papers, the court GRANTS both motions.

1

Case No.: 13-388 PSG
**ORDER**

## I.     BACKGROUND

The court draws the following facts, which it accepts as true for the purposes of these motions, from Plaintiffs' first amended complaint ("FAC") originally filed in state court just before removal to this court.[1] Plaintiffs reside at 487 Albert Way, Marina, California (the "Subject Property"). They recorded a deed of trust ("DOT") on the property to secure a promissory note in exchange for a loan. Sometime in 2011, the rates and payments on their loan changed and so Plaintiffs sought a loan modification from BANA, which held the interest in the note. On January 10, 2012, in the midst of the loan modification process, BANA assigned the DOT to Green Tree and recorded the transaction in Monterey County. BANA informed Plaintiffs that they would need to begin again the loan modification process with Green Tree following the assignment.

At Green Tree's request, Plaintiffs resubmitted their documents for the loan modification and provided new and updated information, including income tax returns, that Green Tree required. Green Tree promised Plaintiffs that while their loan modification application was being considered, no trustee's sale would occur. Plaintiffs complied with Green Tree's request and submitted the additional information on May 21, 2012. On June 19, 2012, during this second application process, Green Tree assigned the DOT to FNMA. Green Tree did not record the assignment until August 3, 2012. Despite the assignment, on July 13, 2012, Green Tree sought more information from Plaintiffs. Even though it acknowledged receiving the documents that day, on July 13, 2012, Green Tree denied Plaintiffs' application on the grounds that Plaintiffs failed to timely submit the documents.

BANA and Green Tree both advised Plaintiffs during the respective application processes that Plaintiffs had to remain in default to obtain a modification of the loan. Plaintiffs followed

---

[1] *See* Docket No. 20 Ex. A.

2

Case No.: 13-388 PSG
**ORDER**

BANA and Green Tree's advice even though throughout the process they had sufficient funds to cure the default.

Because of the default and the denial of the loan modification application, Northwest held a trustee's sale on July 17, 2012, four days after the denial of the loan modification application. FNMA, at this point already the holder of the interest in the note, purchased the Subject Property from Northwest at the trustee's sale. Northwest recorded the deed from the trustee's sale in FNMA's favor on August 3, 2012, immediately after Green Tree recorded the earlier assignment to FNMA of the interest in the note. On September 5, 2012, FNMA filed an unlawful detainer action against Plaintiffs.

Based on these factual allegations, Plaintiffs filed suit in Monterey County Superior Court for injunctive relief, damages, rescission, and quiet title based on fraud, bad faith breach of Cal. Civ. Code § 2923.5 and § 2924i, violations of the Home Affordable Modification Program ("HAMP"), unlawful foreclosure, promissory estoppel, and civil conspiracy to defraud. Defendants and BANA removed the case to this court. The court denied as moot Defendants' first motion to dismiss because they failed to address Plaintiffs' FAC. Defendants brought a second motion to dismiss, which Plaintiffs untimely opposed. BANA brought a separate motion to dismiss, for which Plaintiffs also filed an untimely opposition.

## II.   LEGAL STANDARDS

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[2] If a plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face," the complaint may be dismissed for failure to state a claim upon which relief may be granted.[3] A claim is facially plausible "when the pleaded factual content allows the court to

---

[2] Fed. R. Civ. P. 8(a)(2).

[3] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

3
Case No.: 13-388 PSG
**ORDER**

draw the reasonable inference that the defendant is liable for the misconduct alleged."[4] Accordingly, under Fed. R. Civ. P. 12(b)(6), which tests the legal sufficiency of the claims alleged in the complaint, "[d]ismissal can based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[5]

On a motion to dismiss, the court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party.[6] The court's review is limited to the face of the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice.[7] However, the court need not accept as true allegations that are conclusory, unwarranted deductions of fact, or unreasonable inferences.[8] "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment."[9]

### III.   DISCUSSION

#### A.   Request for Judicial Notice

Defendants and BANA request judicial notice of various foreclosure-related documents recorded in the Monterey County Recorder's Office.[10] The court may take judicial notice of a "fact that is not subject to reasonable dispute because it is generally known . . . or can be accurately and

---

[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

[5] *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1990).

[6] *See Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008).

[7] *See id.* at 1061.

[8] *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); s*ee also Twombly*, 550 U.S. at 561 ("a wholly conclusory statement of [a] claim" will not survive a motion to dismiss).

[9] *Eminence Capital, LLC v. Asopeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

[10] *See* Docket Nos 26, 34.

readily determined from sources whose accuracy cannot reasonably be questioned."[11] Plaintiffs have not objected to the judicial notice. The authenticity of the foreclosure-related documents is not in dispute and may be verified by resort to the public record.[12] The court, however, will not rely on facts contained within the documents that reasonably may be subject to dispute.[13] The Defendants' request for judicial notice therefore is GRANTED as to all documents.

**B.     Motion to Dismiss**

As a preliminary matter, Plaintiffs indicated in their oppositions to both motions to dismiss that they were abandoning their claim for violations of Section 2923.5 and so the court dismisses with prejudice that claim against Defendants and BANA.

Defendants and BANA each argue that the court should not consider Plaintiffs' oppositions to their respective motions because each response was untimely. Defendants filed their motion to dismiss on April 12, 2013 and noticed a hearing date of May 28, 2013.[14] Pursuant to Civil L.R. 7-3(a), Plaintiffs' opposition was due April 26, 2013 and any reply from Defendants was due May 3, 2013. Plaintiffs did not file their opposition until May 21, 2013,[15] twenty-five days late and after the court had determined that a hearing on Defendants' motion to dismiss was unnecessary pursuant to Civil L.R. 7-2(b).[16] Defendants in turn filed a reply on May 24, 2013, in which they object to the untimely opposition. BANA filed its motion to dismiss on June 4, 2013, making Plaintiffs' opposition due June 18, 2013. Plaintiffs did not file the opposition until June 19, 2013.

---

[11] Fed. R. Evid. 201(b).

[12] *See* Fed. R. Ev. 201(b)(2).

[13] *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (finding the district court erred in relying on disputed facts contained within documents that otherwise were the proper subject of judicial notice). *See also* Fed. R. Evid. 201(b).

[14] *See* Docket No. 25.

[15] *See* Docket No. 29.

[16] *See* Docket No. 28.

5
Case No.: 13-388 PSG
**ORDER**

Had this been Plaintiffs' first untimely response to a motion, the court may be inclined toward leniency, but Plaintiffs filed their opposition to Defendants' first motion to dismiss[17] twenty-two days late.[18] Plaintiffs' counsel indicated at that time that she was ill and unable to keep up with her workload, and so the court considered the arguments presented in that opposition.[19] Plaintiffs' counsel gives no excuse, however, for the most recent untimely oppositions, and according to emails Defendants have submitted, she did not try to contact Defendants' counsel regarding problems with her opposition until April 29, 2013 – already three days after that response was due.[20] And she has not explained to the court why her opposition to Defendants' motion was not filed until over three weeks after she approached Defendants about her inability to serve the opposition. As to the opposition to BANA's motion, Plaintiffs' counsel again offers no justification or even an excuse for the untimely response.

Given the repeated late responses to motions and Plaintiffs' counsel's failure to even address the delay with the court, the court will proceed to evaluate the motions as if Plaintiffs had not filed their oppositions.

### 1. Tender Rule

Defendants and BANA assert that Plaintiffs cannot set aside the trustee's sale because they have not alleged that they can and will tender the entire amount of the debt. "Under California law, in an action to set aside a trustee's sale, a plaintiff must demonstrate that he has made a 'valid and viable tender [offer] of payment of the indebtedness.'"[21] The tender rule requires a plaintiff to (1)

---

[17] *See* Docket No. 8 (filed February 4, 2013, making opposition due February 18, 2013).

[18] *See* Docket Nos. 19, 20 (filed March 12, 2013)

[19] *See* Docket No. 19.

[20] *See* Docket No. 32 Ex. A.

[21] *Pantoja v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 1177, 1183-84 (N.D. Cal. 2009) (quoting *Karlsen v. Am. Sav. & Loan Assn.*, 158 Cal. App. 3d 575, 578 (1971)).

6
Case No.: 13-388 PSG
**ORDER**

"demonstrate a willingness to pay" and (2) "show the ability to pay."[22] "The rationale behind the rules is that if [the borrower] could not have redeemed the property had the sale procedures been proper, any irregularities in the sale did not result in damages to the [borrower]."[23] Tender is a requirement in a quiet title action as well as in any action to set aside a trustee sale.[24]

"There are, however, exceptions to the tender requirement."[25] Tender is not required where (1) "the borrower's action attacks the validity of the underlying debt . . . since it would constitute an affirmation of the debt"; (2) "the person who seeks to set aside the trustee's sale has a counter-claim or set-off against the beneficiary"; (3) "it would be inequitable to impose such a condition on the party challenging the sale"; or (4) "the trustor is not required to rely on equity to attack the deed because the trustee's deed is void on its face."[26]

In their complaint, Plaintiffs do not allege that they can and are willing to pay the outstanding debt on the loan. They suggest that they at some point were able to cure the default, although the complaint does not go so far as to allege that they still are willing and able to pay that outstanding amount or that they have offered to do so.[27] Their quiet title claim, therefore, must fail, as a discharge of the debt is necessary to pursue that cause of action.[28] As to the set-aside request, because they have not alleged any offer of tender, Plaintiffs must fit within one of the exceptions to have standing.

---

[22] *Id.* (citing *In re Worcester*, 811 F.2d 1224, 1231 (9th Cir. 1987)).

[23] *Lona v. Citibank, N.A.*, 202 Cal. App. 4th 89, 112 (2011).

[24] *See Sowinski v. Wells Fargo Bank, N.A.*, Case No. 11-6431-SC, 2012 WL 5904711, at *2 (N.D. Cal. Nov. 26, 2012).

[25] *Id.*

[26] *Id.*

[27] *See* Docket No. 25 Ex. A at ¶ 12.

[28] *See Sowinski*, 2012 WL 5904711, at *2.

7
Case No.: 13-388 PSG
**ORDER**

Based on Plaintiffs' allegations, only the inequity exception could apply to this case. Plaintiffs allege they defaulted on the loan because they relied on statements by BANA and Green Tree representatives that they had to remain in default to qualify. Assuming the truth of these allegations, as the court must at this stage, it would hardly be equitable to require Plaintiffs to offer to pay the entire amount of their debt on the loan when their default, and the resulting acceleration of the debt, was the result of advice from the very institutions to which they had to pay the debt. Having said that, Plaintiffs have not alleged they have offered to cure the default and pay all of the accompanying fees. There is no inequity in requiring Plaintiffs to show that they can and are willing to cure the default before attempting to set aside the trustee's sale.[29] If they cannot plausibly allege their ability and willingness to pay the deficiencies, they have not been harmed by the trustee's sale.

On these grounds, the court finds that Plaintiffs do not have standing to set aside the trustee's sale. The quiet title claim is DISMISSED WITH LEAVE TO AMEND and Plaintiffs likewise may amend to attempt to show entitlement to the rescission remedy they seek. Because Plaintiffs also request damages, the court evaluates their other claims to determine whether they can survive Defendants and BANA's challenges.

### 2. Promissory Estoppel

To state a claim for promissory estoppel, Plaintiffs must assert (1) "a promise clear and unambiguous in its terms"; (2) "reliance by the party to whom the promise is made"; (3) the "reliance must be both reasonable and foreseeable"; and (4) "the party asserting the estoppel must

---

[29] *See Onofrio v. Rice*, 55 Cal. App. 4th 413, 424 (1997) ("[A]s a condition precedent to an action by the trustor to set aside the trustee's sale on the grounds that the sale is voidable, the trustor must pay, or offer to pay, the secured debt, or at least all of the delinquencies and costs due for redemption, before he [or she] commences his [or her] action, or in his [or her] complaint."); *see also Lona*, 202 Cal. App. 4th at 112 (approving passage from *Onofrio*).

8
Case No.: 13-388 PSG
**ORDER**

be injured by his reliance."[30] Plaintiffs assert that BANA and Green Tree promised to "go forward with the loan modification in good faith and that a [t]rustee's [s]ale would not take place pending the loan modification process and that Plaintiffs needed to remain in default[] in order to obtain the loan modification."[31] They further claim that they relied on these statements and "submitted the loan documents, continued with the loan modification, and did not file bankruptcy, cure the default, or take any other action as would be required to stop the [t]rustee's [s]ale."[32] They allege that Green Tree informed them of the denial of the loan modification application "when it was too late to cure the default, unless approved by the beneficiary" and they did not know that at that point FNMA was the beneficiary.[33]

As Defendants and BANA point out, Plaintiffs fail to allege sufficiently all of the elements of promissory estoppel. The promise Plaintiffs allege is not clear and unambiguous. Did Green Tree and BANA promise that Plaintiffs needed to remain in default, that the trustee's sale would not occur during the loan modification process, or, as their reliance statement suggests, that Plaintiffs would have an opportunity to cure the default after the loan modification application was denied? None of these options give rise to a promissory estoppel claim as currently pleaded. Plaintiffs have not alleged that they did not need to be in default to have their loan modification application considered nor have they alleged that the trustee's sale occurred before the application was processed – as alleged, the sale occurred four days later. Plaintiffs also have not alleged that BANA or Green Tree promised an opportunity to cure the default following a denial of the application.

---

[30] *U.S. Ecology, Inc. v. State*, 129 Cal. App. 4th 887, 901 (2005).

[31] Docket No. 25 Ex. A at ¶ 12.

[32] *Id.* at ¶ 13.

[33] *Id.*

9
Case No.: 13-388 PSG
**ORDER**

Because Plaintiffs have not alleged sufficiently the elements of their promissory estoppel claim, DISMISSAL WITH LEAVE TO AMEND is appropriate.

### 3. Civil Conspiracy and Fraud

Defendants and BANA assert that Plaintiffs fail to plead their claims for fraud and "civil conspiracy to defraud" with the specificity required by Fed. R. Civ. P. 9(b). Under Rule 9(b), when alleging fraud "a party must state with particularity the circumstances constituting fraud or mistake," which requires "statements regarding the time, place, and nature of the alleged fraudulent activities."[34] "[M]ere conclusory allegations of fraud are insufficient."[35] "A court may dismiss a claim grounded in fraud when its allegations fail to satisfy [Rule] 9(b)'s heightened pleading requirements."[36]

Here, Plaintiffs' allegations are insufficiently specific. They assert that the "promises made by Defendants [including BANA] were false and were stated with the intent to induce" Plaintiffs not to cure the default.[37] Plaintiffs do not allege, however, when these statements were made, who made them, where the statements were said, or the content of the actual statements. DISMISSAL of the fraud and civil conspiracy claims WITH LEAVE TO AMEND, therefore, is appropriate.

### 4. Cal. Civ. Code § 2924 and HAMP

The court first disposes of Plaintiffs' claim under HAMP. As Defendants and BANA point out, and as several other courts have recognized, HAMP does not provide a private cause of action to enforce its provisions.[38] Because there is no private cause of action under HAMP, the court GRANTS the motion to dismiss WITHOUT LEAVE TO AMEND.

---

[34] *In re GlenFed, Inc. Securities Litig.*, 42 F.3d 1541, 1547-48 (9th Cir. 1994).

[35] *Id.*

[36] *Saldate v. Wilshire Credit Corp.*, 686 F. Supp. 2d 1051, 1064 (E.D. Cal. 2010).

[37] *See* Docket No. 25 Ex. A at ¶ 26.

10
Case No.: 13-388 PSG
**ORDER**

Turning to the next part of this claim, Section 2924i governs balloon payment loans, which the statute defines as "a loan which provides for a final payment as originally scheduled which is more than twice the amount of any of the immediately preceding six regularly scheduled payments or which contains a call provision." Section 2924i requires holders of balloon payment loans to comply with certain notice requirements at least 90 days before the due date of the final payment of the loan.[39] Plaintiffs allege that their loan included a balloon payment, that Defendants and BANA had to comply with the notice provisions in Section 2924i, and that Defendants and BANA failed to do so.

Plaintiffs' allegations do not provide a factual basis giving rise to an obligation by Defendants and BANA to comply with Section 2924i. Plaintiffs do not allege that they were facing the final balloon payment on their loan such that Section 2924i applies to their interactions with Defendants and BANA at that time. Their allegations state that their motivation for seeking modification of the loan was a change in rates and payments, which suggests that their loan was ongoing – not that it was near its end. The court therefore DISMISSES the Section 2924i claim WITH LEAVE TO AMEND.

### 5. Injunction

Although styled as a cause of action, Plaintiffs' request for an injunction is a remedy, not a separate claim of liability against Defendants. On those grounds, the injunction "claim" is dismissed. Furthermore, because the court has determined that none of the underlying claims as currently pleaded are viable, an injunction at this stage is not an appropriate remedy.

---

[38] *See Cleveland v. Aurora Loan Serv., LLC*, Case No. C 11-0773 PJH, 2011 WL 2020565, at *4 (N.D. Cal. May 24, 2011) (listing cases that have dismissed HAMP claims on the grounds of no private cause of action).

[39] *See* Cal. Civ. Code § 2924i(c).

11
Case No.: 13-388 PSG
**ORDER**

## IV.  CONCLUSION

The court grants Defendants' and BANA's motions to dismiss as to all claims but grants Plaintiffs limited leave to amend their complaint.   Plaintiffs shall file any amended complaint within fourteen days of this order.

**IT IS SO ORDERED.**

Dated: August 7, 2013

                                            PAUL S. GREWAL
                                            United States Magistrate Judge