**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| PEDRO CEPEDA and HELGA CEPEDA, <br><br> Plaintiffs, <br> v. <br><br> FEDERAL NATIONAL MORTGAGE ASSOCIATION, et al., <br><br> Defendants. | Case No.: 5:13-cv-00388-PSG <br><br> **ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS** <br><br> **(Re: Docket Nos. 48, 50, 56, 71, and 72)** |

In this foreclosure-related action, Defendants Federal National Mortgage Association ("FNMA"), Green Tree Servicing, LLC ("Green Tree"), Northwest Trustee Services, Inc. ("Northwest"), and Bank of America, N.A. ("BANA") (collectively, "Defendants") filed three motions to dismiss the second amended complaint ("SAC").[1] Plaintiffs Pedro and Helga Cepeda ("Plaintiffs") oppose.[2] The parties appeared for a hearing. As set forth below, having considered the papers and arguments, the court GRANTS Defendants' motions.

---

[1] *See* Docket No. 48 (BANA's Motion to Dismiss); Docket No. 50 (Green Tree and FNMA's Motion to Dismiss; Docket No. 56 (Northwest's Motion to Dismiss).

[2] Although Plaintiffs filed their oppositions past their deadline for doing so, the court GRANTS their request for relief and will consider the oppositions as timely. The court will also consider Defendants' replies as timely.

1

Case No.: 5:13-cv-00388-PSG
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

# I. BACKGROUND

In the interest of expediency, the court will lay out only a brief recitation of the facts of this case.[3] In exchange for a loan, Plaintiffs recorded a deed of trust ("DOT") on their property to secure a promissory note.[4] Plaintiffs later sought a modification of their loan agreement from BANA in 2011.[5] Plaintiffs' allege BANA and Green Tree advised them to remain in default to obtain more favorable loan terms.[6] On January 10, 2012, BANA subsequently assigned the DOT to Green Tree.[7] BANA informed Plaintiffs that following the assignment they would need to restart the loan modification process with Green Tree.[8]

At Green Tree's request, Plaintiffs resubmitted their documents for the loan modification and on June 19, 2012, and Green Tree assigned the DOT to FNMA.[9] On July 13, 2012, Green Tree denied Plaintiffs' application for a loan modification.[10] After Plaintiffs' default and Green Tree's denial of the loan modification application, Northwest held a trustee's sale on July 17, 2012.[11] FNMA purchased the subject property from Northwest at the trustee's sale.[12] Northwest,

---

[3] The court draws the following facts, taken as true for the purposes of this motion to dismiss, from the SAC. *See* Docket No. 46.

[4] *See id.* at ¶ 1. The real property at issue in this case is located at 487 Albert Way, Marina, CA.

[5] *See id.* at ¶ 6.

[6] *See id.* at ¶ 6 ("Defendant BANA required and insisted that Plaintiffs stop making payments on the subject loan and allow it to go into default, before BANA could go forward with the loan modification.").

[7] *See id.* at ¶ 2.

[8] *See id.* at ¶ 7.

[9] *See id.* at ¶ 16.

[10] *See id.* at ¶ 27, 30 (Plaintiffs allege Defendants denied the loan modification four days before the trustee's sale despite receiving all of the necessary loan modification documents).

[11] *See id.* at ¶ 15, 30.

[12] *See id.* at ¶ 33.

2
Case No.: 5:13-cv-00388-PSG
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

Green Tree, and FNMA recorded the assignment of the property to FNMA on August 3, 2012.[13]

On September 5, 2012, FNMA filed an unlawful detainer action against Plaintiffs.[14] Plaintiffs responded with this suit.[15]

## II. LEGAL STANDARDS

### A. Motion to Dismiss

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[16] When a plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face," the complaint may be dismissed for failure to state a claim upon which relief may be granted.[17] A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[18] Under Fed. R. Civ. P. 12(b)(6), "dismissal can based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[19] Dismissal with prejudice and without leave to amend is appropriate if it is clear that the complaint could not be saved by amendment.[20]

### B. Fed. R. Civ. P. 9(b)

"A party must state with particularity the circumstances constituting fraud or mistake," which requires "statements regarding the time, place, and nature of the alleged fraudulent

---

[13] *See id.* at ¶ 32.

[14] *See id.* at ¶ 9.

[15] *See* Docket No. 1-2.

[16] Fed. R. Civ. P. 8(a)(2).

[17] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[18] *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

[19] *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

[20] *See Eminence Capital, LLC v. Asopeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

activities" under Rule 9(b).[21]  "Mere conclusory allegations of fraud are insufficient."[22]  To satisfy the heightened standard under Rule 9(b), allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong."[23]  This includes "the who, what, when, where, and how of the misconduct charged."[24]  Plaintiff must also allege what is false or misleading about a statement, and why it is false."[25]  "A court may dismiss a claim grounded in fraud when its allegations fail to satisfy [Rule] 9(b)'s heightened pleading requirements."[26]

**C.  Rescission**

"Under California law, in an action to set aside a trustee's sale, a plaintiff must demonstrate that he has made a 'valid and viable tender [offer] of payment of the indebtedness.'"[27]  The tender rule requires a plaintiff to (1) "demonstrate a willingness to pay" and (2) "show the ability to pay."[28]  "The rationale behind the rules is that if [the borrower] could not have redeemed the property had the sale procedures been proper, any irregularities in the sale did not result in damages to the [borrower]."[29]  Tender is a requirement in a quiet title action as well as in any

---

[21] *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1547-48 (9th Cir. 1994).

[22] *Id.*

[23] *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985).

[24] *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

[25] *In re Glenfed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994) (en banc).

[26] *Saldate v. Wilshire Credit Corp.*, 686 F. Supp. 2d 1051, 1064 (E.D. Cal. 2010).

[27] *Pantoja v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 1177, 1183-84 (N.D. Cal. 2009) (quoting *Karlsen v. Am. Sav. & Loan Ass'n*, 158 Cal. App. 3d 575, 578 (1971)).

[28] *Id.* (quoting *In re Worcester*, 811 F.2d 1224, 1231 (9th Cir. 1987)).

[29] *Lona v. Citibank, N.A.*, 202 Cal. App. 4th 89, 112 (2011).

4
Case No.: 5:13-cv-00388-PSG
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

action to set aside a trustee sale.[30] Further, the borrower must offer to pay the full amount of the debt for which the property was a security.[31]

Tender is not required where (1) "the borrower's action attacks the validity of the underlying debt" since "it would constitute an affirmation of the debt"; (2) "the person who seeks to set aside the trustee's sale has a counter-claim or set-off against the beneficiary"; (3) "it would be inequitable to impose such a condition on the party challenging the sale"; or (4) "the trustor is not required to rely on equity to attack the deed because the trustee's deed is void on its face."[32]

## III. DISCUSSION

### A.   Fraud

Defendants assert Plaintiffs fail to plead their fraud-based claims with specificity pursuant to Fed. R. Civ. P. 9(b).  The court agrees.  The SAC alleges Defendants "conspired with each other for the purpose of defrauding plaintiffs and inducing plaintiffs to default, in order to acquire the subject property and sell it, to liquidate the promissory note secured to the subject property."[33] Plaintiffs claim Defendants made promises through their agents, but the SAC does not describe the context of who, what, when, and where these promises were made.[34]  Plaintiffs do not plead their fraud-based claims with the particularity required by Rule 9(b), despite leave from the court to amend those claims.  The court is convinced further amendment would be futile.  Plaintiffs' fraud-based claims therefore are dismissed without leave to amend.

---

[30] *See Sowinski v. Wells Fargo Bank, N.A.*, Case No. 3:11-6431-SC, 2012 WL 5904711, at *2 (N.D. Cal. Nov. 26, 2012).

[31] *See Abdallah v. United Sav. Bank,* 43 Cal. App. 4th 1101, 1109 (Ct. App. 1996).

[32] *Id*. (describing exceptions to the tender requirement).

[33] Docket No. 46 at ¶ 38.

[34] In particular, Paragraph Six of the SAC, does not meet the specificity required by Rule 9(b) ("During 2011, when the rates and payments changed on the subject loan, Plaintiffs sought a loan modification, for a fixed rate, fully amortized loan through it[s] lender, Defendant BANA. Defendant BANA required and insisted that Plaintiffs stop making payments on the subject loan and allow it to go into default, before BANA could go forward with the loan modification.").

5
Case No.: 5:13-cv-00388-PSG
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

**B.     Rescission**

It is undisputed that Plaintiffs' complaint does not allege Plaintiffs tendered the outstanding balance remaining on the loan or that they had the ability to do so.  Under ordinary circumstances a debtor is required to make a tender as a condition of challenging a foreclosure sale.[35]  The court's prior order granting Plaintiffs leave to amend noted that if Plaintiffs "cannot plausibly allege their ability and willingness to pay the deficiencies, they have not been harmed by the trustee's sale."[36]  The SAC does no better in alleging any credible tender, nor does it allege any circumstances demonstrating that an exception to the tender rule applies.  At best, the SAC alleges that at some undefined point Plaintiffs "were prepared to cure the default" but Defendants denied them the necessary information to cure that default.[37]  By itself, however, this statement does not establish that any recognized exception to the tender rule applies, for example that Plaintiffs are challenging the validity of underlying debt,[38] that Plaintiffs have an offset against their creditor,[39] or that the foreclosure sale was void.[40]  The final exception, inequity, is generally invoked only when the sale

---

[35] *See Sierra-Bay Fed. Land Bank Assn. v. Superior Court*, 227 Cal. App. 3d 318, 337 (Ct. App. 1991) (the "debtor must offer to do equity by making a tender or otherwise offering to pay his debt"); *Alicea v. GE Money Bank*, Case No. 4:09-cv-00091-SBA, 2009 WL 2136969, at *3 (N.D. Cal. July 16, 2009) ("When a debtor is in default of a home mortgage loan, and a foreclosure is either pending or has taken place, the debtor must allege a credible tender of the amount of the secured debt to maintain any cause of action for wrongful foreclosure.").

[36] Docket No. 45 at 8:10-8:12.

[37] Docket No. 46 at ¶ 37.

[38] *Soares v. ReconTrust Co., N.A.*, Case No. 3:12-cv-00070-SC, 2012 WL 1901234, at *11 (N.D. Cal. May 25, 2012) (quoting *Lona*, 202 Cal. App. 4th at 112 (the "tender rule does not apply where the borrower's action attacks the validity of the underlying debt")).

[39] *See Ward v. Pickett*, Case No. 4:13-cv-01735-DMR, 2013 WL 5496549, at *11 (N.D. Cal. Oct. 3, 2013) (quoting *Lona*, 202 Cal. App. 4th at 112-13 (the tender does not apply "when the person who seeks to set aside the trustee's sale has a counter-claim or set-off")).

[40] *See Tamburri v. Suntrust Mortgage, Inc.*, Case No. 3:11-cv-02899-EMC, 2011 WL 6294472, at *4 (N.D. Cal. Dec. 15, 2011) (quoting Miller & Starr California Real Estate 3d § 10:212 ("When the sale is totally void, a tender usually is not required.")).

6
Case No.: 5:13-cv-00388-PSG
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

at issue has yet to occur.[41] Here, the sale already occurred. As a result, even with a second bite, Plaintiffs' claim for rescission falls short.

The court's prior order granted Plaintiffs leave to address the deficiencies of their rescission claim, but Plaintiffs' SA has not adequately plead such a claim. The court is convinced further amendment would be futile.

Plaintiffs' claims are DISMISSED without further leave to amend.

**IT IS SO ORDERED.**

Dated: October 24, 2013

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[41] *See Nissim v. Wells Fargo Bank, N.A.*, Case No. 4:12-cv-01201-CW, 2013 WL 192903, at *9 (N.D. Cal. Jan. 17, 2013) (quoting *Chan Tang v. Bank of Am., N.A.*, Case No. 11-cv-2048-DOC, 2012 WL 960373, at *5 (C.D. Cal. Mar. 19, 2012) (noting that where Plaintiff seeks equitable relief to postpone or prevent the sale, many "courts have refused to extend the tender rule to cases where the foreclosure sale has not yet occurred")); *see also Robinson v. Bank of America*, Case No. 5:12-cv-00494-RMW, 2012 WL 1932842, at *3-4 (N.D. Cal. May 29, 2012); *Bowe v. American Mortg. Network, Inc.*, Case No. 11-cv-08381-DDP-SHX, 2012 WL 2071759, at *3 (C.D. Cal. June 8, 2012); *Giannini v. American Home Mortg. Servicing, Inc.*, Case No. 3:11-cv-04489-TEH, 2012 WL 298254, at *2-3 (N.D. Cal. Feb. 1, 2012); *Tamburri*, 2011 WL 6294472, * 3; *Sacchi v. Mortgage Electronic Registration Systems, Inc.*, Case No. 11-cv-1658-AHM-CWX, 2011 WL 2533029, at *1 (C.D. Cal. June 24, 2011).

7
Case No.: 5:13-cv-00388-PSG
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS